ALSCO STORM WINDOWS, INC.,
Appellant,

v.

UNITED STATES of America,
Appellee.

ALSCO NORTHWEST, INC., Appellant,

v.

UNITED STATES of America,
Appellee.

No. 17595.

United States Court of Appeals
Ninth Circuit.

Dec. 21, 1962.

Joseph J. Lyman, Washington, D. C., and Hamblen, Gilbert & Brooke, Spokane, Wash., for appellants.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Melva M. Graney, Richard J. Heiman, and Harry Marselli, Attys., Dept. of Justice, Washington, D. C., and Frank R. Freeman, U. S. Atty., Spokane, Wash., for appellee.

Before HAMLEY and JERTBERG, Circuit Judges, and PLUMMER, District Judge.

PLUMMER, District Judge.

This is an appeal from a judgment dismissing the complaints in two actions to recover Federal Insurance Contributions taxes (paid under § 3121 et seq., Internal Revenue Code, 26 U.S.C.A. § 3121 et seq.) and Federal Unemployment taxes paid under § 3306 et seq., Internal Revenue Code, 26 U.S.C.A. § 3306 et seq.) alleged to have been erroneously paid and collected by the plaintiffs between the period ending September 30, 1954 and December 31, 1958, on the earnings of workers known as "installers" or "applicators".

The single question presented is whether these "installers" were "employees" of the taxpayer-plaintiffs within the meaning of that word as used in §§ 3121(d) and 3306(i), Internal Revenue Code, 26 U.S.C.A. §§ 3121(d), 3306 (i) as they read after the amendment of 1948 and the Treasury Regulations, § 31.3121(d)–1.

There is no dispute as to the facts found by the District Court. Appellants contend that the District Court erred in

concluding as a matter of law, on undisputed facts, that the "installers" were employees under the Federal Insurance Contributions Act, § 3121(d), Internal Revenue Code [26 U.S.C.A, § 3121(d)], and the Federal Unemployment Tax Act, § 3306(i), Internal Revenue Code [26 U.S.C.A. § 3306(i)].

Appellants further contend that the District Court failed to distinguish between control of results and control of details and methods of performance and that the Court's failure to appreciate this distinction led to the erroneous conclusion of law that the installers were employees.

By its conclusions of law the District Court found that:

(1) "The plaintiffs did exercise that degree of direction and control over the manner and method in which the installers performed their services to constitute the installers employees under the usual common-law tests."

(2) "The payments of Federal Insurance Contributions (FICA) and Federal Unemployment (FUTA) taxes made by plaintiffs were correct, since the installers were employees as defined under the Federal Insurance Contributions Act and the Federal Unemployment Tax Act, Sections 3121(d) and 3306(i), Internal Revenue Code of 1954."

The trial court found, as a fact, that "(t)he manager (of taxpayers) had the power to instruct the installers as to the way the job should be done. * * *"

Neither this nor any other finding of fact is challenged on this appeal. But even if this finding had been challenged we would have been required to sustain it. Concerning the right of the taxpayers to control the activities of the installers as to the means and methods to be used for accomplishing the result, Milton L. Lee, manager of the taxpayer, testified:

"(Cross-examination at trial) A. * * * You asked me if I would tell a man how to do a specific job at a specific time. I don't remember ever doing it. Q. Now, I didn't ask you whether you told him how to do the whole job, I just asked you whether you have been out on jobs and ever given directions in reference to that job, maybe on only one particular point on that job? A. I said I couldn't remember having done it. Q. Well, is your testimony in the deposition correct, referring to page 17, line 1: 'A. Well, if I made a suggestion, I certainly would.' Indicating that you wanted them followed: 'Q. Have you ever given any directions? A. To an applicator? Q. Yes. A. If the occasion arose, I would, yes.' A. Yes, I think that is accurate." (R. 60)

"(Cross-examination at trial) Q. (By Mr. Ewing): Later on, on the same page, and down at line 17: 'Q. Well, I am just speaking generally, not of any particular job, but just of all the jobs in general. You say you can't remember of your own knowledge when you ever have given any direction, is that right? A. Well, no, I don't. Q. But you had the power to give the directions? A. Yes. Q. And if those directions weren't followed, what, if anything, would happen to the applicator? A. Well, we would be inclined not to give him another job.' Q. (By Mr. Ewing): Is that about right? A. Yes." (R. 60–61)

"(Deposition received in evidence for substantive purposes) 'Q. Did you have the power to give directions, Mr. Lee? A. Yes, in making a deal with an applicator to apply a job, at least I would assume that you would have the power of instructing him as to the way it should be done. Unwritten law in the business, you might say. Q. Did you, in fact, instruct installers as to how the job should be done? A. Oh, on occasion yes.'" (R. 89)

Under the statutory definition the usual common law rules are to be applied in determining whether an individual is an employee and within the

act or whether he is an independent contractor, thus making the act inapplicable. In making this determination it is the total situation that controls. Bartels v. Birmingham, 332 U.S. 126, 130, 67 S.Ct. 1547, 91 L.Ed. 1947. But the fundamental test, giving due consideration to all the other factors in a particular situation, seems to be whether there exists a right to control the activities of the individuals whose status is in issue, not only as to results to be accomplished by the work but also as to the means and methods to be used for accomplishing the result. Radio City Music Hall Corp. v. United States, 135 F.2d 715 (2d Cir., 1943); Party Cab Co. v. United States, 172 F.2d 87, 10 A.L.R.2d 358 (7th Cir., 1949).

Applying this governing rule to the unchallenged finding of fact referred to above, we hold the conclusions of law entered by the trial court to be correct.

The judgment of the District Court is affirmed.