**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Harry CLARDY, Defendant-Appellant.**

**No. 72-2478.**

United States Court of Appeals, Ninth Circuit.

Jan. 3, 1973.

---

liam D. Keller, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before HAMLEY, BROWNING and WRIGHT, Circuit Judges.

PER CURIAM:

After conviction by a jury of aiding and abetting the commission of a bank robbery [18 U.S.C. §§ 2113(a), (d), 2 (1970)], Clardy has appealed, challenging the sufficiency of the evidence. He also asks that we reconsider our prior holdings that an accused may be convicted on the uncorroborated testimony of an accomplice. Finally, he contends that the district court erred in admitting evidence, as part of the government's case in chief, of appellant's prior conviction for armed robbery. We affirm.

■■ We reject all three contentions. While the evidence of guilt was far from overwhelming *, the jury verdict must be sustained if there was substantial evidence to sustain it, taking the view most favorable to the government. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942).

There was substantial evidence here. Moreover, it included testimony of other witnesses and circumstantial evidence which corroborated that of the accomplice.

■ We find Clardy's third point to be without merit. Evidence of a prior crime may be introduced to show motive, intent or absence of mistake. Medrano v. United States, 285 F.2d 23 (9th Cir. 1960), cert. denied 366 U.S. 968, 81 S.Ct. 1931, 6 L.Ed.2d 1258 (1961); Gilbert v. United States, 366 F.2d 923 (9th Cir. 1966), cert. denied 393 U.S. 985,

Elliot E. Stanford (argued), Los Angeles, Cal., for defendant-appellant.

Darrell W. MacIntyre, Asst. U. S. Atty. (argued), Eric A. Nobles, John A. Cameron, Jr., Asst. U. S. Attys., Wil-

---

* In its brief the government urges us to consider certain out-of-court statements made by appellant's alleged accomplice as substantive evidence of appellant's guilt. While this suggestion has considerable support among legal scholars (*see, e. g.,* 3 Wigmore on Evidence § 1018 (3d ed.) ; Morgan, Hearsay Dangers and the Application of the Hearsay Concept, 62 Harv. L.Rev. 177, 192–96) it will not be the rule in the federal courts until July 1, 1973 when the Federal Rule of Evidence becomes effective. Bridges v. Wixon, 326 U.S. 135, 153–154, 65 S.Ct. 1443, 89 L.Ed. 2103 (1945) and Benson v. United States, 402 F.2d 576 (9th Cir. 1968) now control. The extra-judicial statements of the accomplice were admitted only for impeachment purposes and we cannot consider them for any other purpose.

89 S.Ct. 460, 21 L.Ed.2d 446 (1968). Under the unusual factual circumstances of this case, the district judge did not abuse his discretion in allowing the government to prove the prior conviction.

Affirmed.·