**UNITED STATES of America, Appellee,**

v.

**H. W. POLK, Appellant.**

No. 76–2445.

United States Court of Appeals, Ninth Circuit.

March 25, 1977.

Alan R. Harter, Douglas J. Shoemaker, Las Vegas, Nev., submitted on briefs, for appellant.

Lawrence Semenza, U. S. Atty., Raymond D. Pike, Asst. U. S. Atty., Reno, Nev., submitted on briefs, for appellee.

Before GOODWIN and SNEED, Circuit Judges, and EAST,* District Judge.

PER CURIAM:

Polk appeals his conviction under 26 U.S.C. § 7215(a) for failure to collect and deposit into a special banking account withholding and Federal Insurance Contribution Act taxes required to be withheld from employees' wages. We affirm.

On September 4, 1973, an Internal Revenue Service agent hand delivered to Polk a notice stating that Polk was required to establish a separate bank account in which he was to deposit all funds withheld from his employees' wages for social security and income tax withholding. In a subsequent meeting, Polk stated that he normally had five to eight employees who were paid on a weekly basis, but that he intended to terminate all of the employees and subcontract any work he needed done. On September 19, and October 16, 1973, Polk stated to the agent that he no longer had any employees.

Polk's workers, prior to September 19, 1973, were paid on an hourly or weekly basis, had established working hours, did not bid for their jobs, were given orders by Polk, were supplied with working materials by Polk, and all workers but one worked exclusively for Polk. Polk at all times maintained the right to discharge the workers. Except for Polk's bookkeeping method, the relationship between Polk and his workers did not change when he unilaterally declared them "subcontractors".

At the trial, a summary of Polk's deficiencies in the payment of withholding taxes from 1969 through 1973 was admitted into evidence. The trial judge instructed the jury that it could consider the evidence on the limited issue of intent. One issue was whether Polk formed an intent not to pay the taxes while not entertaining a reasonable doubt that the law required him to do so.

A conviction under 26 U.S.C. § 7215(a) required a finding by the jury that Polk was an employer required to collect, account for, and pay over income-tax withholding on wages and FICA taxes, that he was notified of his failure to do so, and that after notice he failed to collect the taxes while not entertaining a reasonable doubt whether the law required collection.

In determining whether the workers were employees, the jury could consider all the circumstances of the relationship between Polk and the workers. *Adams v. United States*, 504 F.2d 73 (7th Cir. 1974), *cert. denied*, 421 U.S. 991, 95 S.Ct. 1998, 44 L.Ed.2d 482 (1975); *Alsco Storm Windows, Inc. v. United States*, 311 F.2d 341 (9th Cir. 1962). However, the fundamental test in such a determination is the common law test of the right to control. The right to control must include control of the activity of the workers, not only with regard to the result accomplished but also with regard to the means by which the result is accomplished. *Lifetime Siding v. United States*, 359 F.2d 657 (2d Cir.), *cert. denied*, 385 U.S. 921, 87 S.Ct. 233, 17 L.Ed.2d 144 (1966); *Alsco Storm Windows, Inc. v. United States, supra*. From the facts in this record the jury could reasonably have inferred

---

* The Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

that Polk was an employer under the correct test; that he had no reasonable doubt about his liability to pay; and that he intended not to pay the taxes.

The record permitted the jury to find not only that Polk had control over the workers, but also that the workers had none of the characteristics attributed to subcontractors. *See, Bartels v. Birmingham,* 332 U.S. 126, 67 S.Ct. 1547, 91 L.Ed. 1947 (1947); *United States v. Silk,* 331 U.S. 704, 67 S.Ct. 1463, 91 L.Ed. 1757 (1947); *Avis Rent A Car System, Inc. v. United States,* 503 F.2d 423 (2d Cir. 1974). As there was substantial evidence to support the jury's verdict, it must be sustained. *United States v. Goodrich,* 493 F.2d 390 (9th Cir. 1974); *United States v. Clardy,* 472 F.2d 578 (9th Cir. 1973).

Polk's objection to the evidence of his earlier failure to pay withholding and FICA taxes from 1969 to 1973 was properly overruled. Evidence of prior similar acts bearing on the issue of a defendant's intent and state of mind is admissible. *United States v. Burns,* 529 F.2d 114 (9th Cir. 1976); *United States v. Moore,* 522 F.2d 1068 (9th Cir. 1975), *cert. denied,* 423 U.S. 1049, 96 S.Ct. 775, 46 L.Ed.2d 637 (1976); *United States v. Nunez,* 483 F.2d 453 (9th Cir.), *cert. denied,* 414 U.S. 1076, 94 S.Ct. 594, 38 L.Ed.2d 483 (1973).

Affirmed.