**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Thomas D. GAERTNER,**
**Defendant-Appellant.**

Nos. 77–2158, 77–2159.

United States Court of Appeals,
Seventh Circuit.

Submitted July 11, 1978.

Decided Aug. 3, 1978.

Rehearing and Rehearing En Banc Denied in No. 77–2158, Sept. 19, 1978.

Edwarde F. Perlson, Milwaukee, Wis., for defendant-appellant.

Terry E. Mitchell, Asst. U.S. Atty., Milwaukee, Wis., for plaintiff-appellee.

Before FAIRCHILD, Chief Judge, and SWYGERT and SPRECHER, Circuit Judges.

PER CURIAM.

After resolving preliminary issues regarding this court's jurisdiction over Appeal No. 77–2158 and our scope of review, the remaining questions are whether defendant has a valid double jeopardy claim; whether defendant was prosecuted under an unconstitutional statute; whether the plea bargaining process is unconstitutional; and whether defendant suffered a manifest injustice by reason of his having received a substantially longer sentence than either of two co-defendants.

Defendant-appellant, Thomas D. Gaertner (defendant or Gaertner), pleaded guilty to four counts of interstate travel to promote a business involving a controlled substance, in violation of 18 U.S.C. §§ 1952(a)(3), 2; and pleaded guilty to six counts of possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The statutory maximum punishment Gaertner could have received pursuant to his guilty pleas was fifty years imprisonment with a twelve year special parole term, and $130,000.00 in fines. The district court imposed an aggregate sentence of ten years imprisonment with a special parole term of four years.

Counsel newly appointed in this court has filed a motion for leave to withdraw, accompanied by a no-merit brief in conformity with the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Gaertner has responded, raising points for review and requesting the court to appoint another attorney.

### I. *Jurisdiction*

By order entered August 29, 1977, the district court denied defendant's pre-trial motions in their entirety. On October 5, 1977, five days after Gaertner's sentencing, court-appointed counsel sought leave to file a late notice of appeal in order to appeal from the district court's pre-trial rulings, and the tendered notice of appeal was filed at that time by the district court clerk. Unable to find excusable neglect for counsel's late filing, the district court on October 14, 1977, denied leave to file the notice of appeal late. Thereafter, on October 21, 1977, counsel filed a second notice of appeal, again attempting to appeal from the district court's pre-trial rulings, and appealing from the latest order refusing to permit late filing of the first notice of appeal.

■ The October 5, 1977, notice of appeal provides on its face that the appeal is taken from the district court's pre-trial order entered August 29, 1977. However, since the order sought to be appealed from is interlocutory (with the exception of the double jeopardy ruling, as to which *see Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977)), the pre-trial rulings merged into defendant's judgment of conviction and sentence for purposes of determining the date from which the time for filing a notice of appeal began to run. To hold otherwise would contravene the firm congressional policy, embodied in 28 U.S.C. § 1291, against interlocutory or piecemeal appeals.

■ Defendant was not required to appeal the double jeopardy ruling simply because he may have done so, and Gaertner was within his rights to delay an appeal pending final resolution of the case in the district court. Similarly, the fact that the double jeopardy ruling was immediately appealable did not perforce legitimatize other pre-trial rulings for immediate appeal. *Abney v. United States, supra*, 431 U.S. at 660, 662–63, 97 S.Ct. 2034.

For all these reasons, we believe the notice of appeal filed on October 5, 1977, which is five days after sentence and judgment of conviction, is within the 10-day time limit prescribed by Rule 4(b) of the Federal Rules of Appellate Procedure for filing notice of appeal, and is, therefore, timely and effective to vest this court with jurisdiction. Because the initial notice of appeal is timely, Gaertner's second appeal (No. 77–2159, which is an appeal from the district court's decision refusing late filing of the notice of appeal) is hereby rendered moot.

### II. *Scope of Review*

Our scope of review is limited both by Gaertner's guilty plea and the record before us.

#### A. *Guilty Plea*

■ "The *Brady* trilogy [*Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *Parker v. North Carolina*, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970)] announced the general rule that a guilty plea, intelligently and voluntarily made,

bars the later assertion of constitutional challenges to the pretrial proceedings." *Lefkowitz v. Newsome,* 420 U.S. 283, 288, 95 S.Ct. 886, 889, 43 L.Ed.2d 196 (1975). However, upon review of *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974) and *Menna v. New York,* 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975), it is certain that the preclusive effects of guilty pleas do not apply to constitutional claims which go "to the very power of the State to bring the defendant into court to answer the charge brought against him." *Blackledge v. Perry, supra,* 417 U.S. at 30, 94 S.Ct. at 2103. Further, the High Court has said *Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973), *Brady* and *McMann* do not

> stand for the proposition that counseled guilty pleas inevitably 'waive' all antecedent constitutional violations. * * * A guilty plea . . . simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction, if factual guilt is validly established. Here, however, the claim [of double jeopardy] is that the State may not convict petitioner no matter how validly his factual guilt is established. The guilty plea, therefore, does not bar the claim.

*Menna v. New York, supra,* 423 U.S. at 62–63 n.2, 96 S.Ct. at 242. In order to define our scope of review, we will examine the alleged constitutional violations raised by Gaertner, and determine which are proper subjects for our consideration.

■ After *Menna,* Gaertner may clearly raise on appeal his double jeopardy claim, despite his plea of guilty. *See Green v. Estelle,* 524 F.2d 1243 (5th Cir. 1975). Similarly, Gaertner's claim that he was prosecuted under an unconstitutional statute goes to the very power of the government to invoke criminal process against him, and is not barred by his guilty plea. *Blackledge v. Perry,* 417 U.S. 21, 30, 94 S.Ct. 2098, 40

L.Ed.2d 628 (1974); *Journigan v. Duffy,* 552 F.2d 283, 287 (9th Cir. 1977). Defendant's challenge to the constitutionality of the plea bargaining process is obviously not precluded by his guilty plea because only one who has pleaded guilty would have standing to assert this claim. The merits of these three claims, and the disparate treatment claim, are addressed in Part III of this opinion.

We believe Gaertner's speedy trial claim, whether based upon the Sixth Amendment or the Due Process Clause of the Fifth Amendment, is not open for our review after pleas of guilty. The purpose of a prompt trial is to guarantee that the accused's right to a fair trial is not substantially prejudiced by pre-trial delay, or, put another way, to lend assurance that factual guilt is validly established. Speedy trial violations preclude the establishment of guilt by trial, but a finding of guilt by a proper plea remains a viable option. Simply, the establishment of guilt is not logically inconsistent with speedy trial violations, and does not prevent the government from invoking the criminal process, so long as there is no trial. *United States v. O'Donnell,* 539 F.2d 1233 (9th Cir. 1976).

## B.  *The Record*

■ Our scope of review is also limited by the record on appeal in our consideration of Gaertner's claim that he failed to knowingly, intelligently and voluntarily enter pleas of guilty. To explain, this appeal pertains to guilty pleas to the aforementioned marijuana charges, but Gaertner also pleaded *nolo contendere* to a tax law violation charge before another district judge.[1] The thrust of Gaertner's claim is that the district judge who received the *nolo* plea failed to approve the prosecutor's recommendation of a sentence concurrent with the sentence imposed for the marijuana convictions, and that Gaertner's pleas to the marijuana charges were thereby rendered involuntary because the concurrent sen-

---

1. An appeal from this conviction is pending. *United States v. Gaertner,* No. 78–1574 (7th Cir. filed May 2, 1978).

tences he understood would be recommended did not thereafter materialize.

While noting that Gaertner does not claim the prosecutor did not make the recommendation as promised, nor that he did not understand that the sentencing judge was not bound by the prosecutor's recommendation, we do not reach the merits of Gaertner's claim because it is based upon factual matters outside the record of proceedings now before us.

## Part III.  *The Merits*

We now proceed to review Gaertner's claims of double jeopardy, prosecution under an unconstitutional statute, unconstitutionality of the plea bargaining process, and his claim of manifest injustice by reason of disparate sentences.

### A.  *Double Jeopardy*

■ Gaertner claims his federal prosecution is barred by his prior State of Wisconsin conviction for the same acts, noting that had he been convicted of the federal offenses first, as was one co-defendant, the state charges would have been barred. Wis.Stat. § 161.45 (1975).  Gaertner has not been placed in jeopardy twice and the federal prosecution is not barred.  *Abbate v. United States*, 359 U.S. 187, 194, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959).

### B.  *Prosecution Under Unconstitutional Statute*

■ Gaertner claims the statute under which he was prosecuted (21 U.S.C. § 841(a)(1)) is unconstitutional because marijuana, which he believes to be less harmful than alcohol and tobacco, is arbitrarily and irrationally classified as a controlled substance.  We agree with the district court that Congress' classification is rational and that the statute is constitutional.  *United States v. Rodriguez-Camacho*, 468 F.2d 1220 (9th Cir. 1972).

2.  An appeal from this conviction remains pending.  *United States v. Gaertner*, No. 75–1938 (7th Cir. filed Oct. 14, 1975).  Gaertner has

### C.  *Plea Bargaining Process*

■ It does not appear that Gaertner raised this claim of unconstitutionality of the plea bargaining process before the district court, and he has not made any serious attempt to advance an argument in support of his claim to this court.  Addressing the question nonetheless, we believe Gaertner's contention is frivolous.  *See Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

### D.  *Disparate Sentences*

■ We are again limited by the record before us, which does not include any portion of the record of proceedings had for two co-defendants.  Gaertner, in his filings in this court, offers that one co-defendant, "Barber," pleaded guilty to one conspiracy count and received, from a district judge other than the one who sentenced Gaertner, a term of probation.  "Blank," the other co-defendant, pleaded guilty to multiple marijuana and tax law violation charges and received three years imprisonment, with a two-year special parole term, from the same district judge who sentenced Barber.

As the sentencing judge recognized, Gaernter has a prior conviction for marijuana possession for which he received a three-year sentence.[2]  Blank, a man thirty-eight years of age, had no prior convictions.  The sentencing judge considered Gaertner's criminal record, the fact that he was at liberty on bail when these offenses were committed, and that Gaertner had "played a very special leading role" in transporting some three thousand pounds of marijuana for street distribution within a six-week period.  Under the circumstances, Gaertner suffered no manifest injustice by reason of the sentence he received as compared to those of his co-defendants.

### Part IV.  *Conclusion*

■ Court-appointed counsel is granted leave to withdraw and defendant's request

chosen to prosecute this appeal *pro se*.  Numerous extensions have been granted to him, and his appellant's brief has not been filed.

for appointment of new counsel is denied. Due to the frivolous nature of the claims raised in Appeal No. 77–2158, and this court having uncovered no meritorious claim after an independent examination of the entire record on appeal, the Clerk is directed to enter judgment affirming the district court's judgment of conviction and sentence. Appeal No. 77–2159 is dismissed as moot.