**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Masaichi AJIMURA, Defendant-Appellant.**

No. 78–3548.

United States Court of Appeals, Ninth Circuit.

June 7, 1979.

PER CURIAM:

Ajimura appeals from the district court's order of November 6, 1978, denying his motion to dismiss the indictment or to reconsider earlier orders. We affirm.

## I. Statement of the Case

Ajimura and a co-defendant were tried in July of 1977 for alleged willful attempts to evade the personal income tax laws in violation of 26 U.S.C. § 7201. During the course of the trial, the district court granted a mistrial.

On December 13, 1977, Ajimura and his co-defendant filed motions to bar retrial on the ground of double jeopardy. On March 16, 1978, the district court granted the motion as to appellant's co-defendant but denied the motion as to appellant. *United States v. Ajimura*, 446 F.Supp. 1120 (D.Hawaii 1978).

On May 18, 1978, the Government filed a motion to set the case for retrial. On May 22, 1978, Ajimura filed a "motion for order amending order on motion to bar retrial," requesting that the court's March 16 order be certified as appealable under both Rule 5(a) of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1292(b). The district court denied this motion on June 1, 1978.

Twenty-two weeks later, on November 3, 1978, Ajimura filed a motion to dismiss the indictment or in the alternative, a motion for reconsideration. The district court denied this motion on November 6, 1978. The next day Ajimura filed a notice of appeal with this court.

## II. Subject Matter of the Instant Appeal

The district court indicated that it denied the November 3, 1978, motion primarily because the issue of the effect of the double jeopardy clause upon further prosecution of Ajimura had already been fully litigated.[1]

Judith Ann Pavey, Schutter, O'Brien & Weinberg, Honolulu, Hawaii, for defendant-appellant.

Paul J. Schaeffer, Atty., U. S. Dept. of Justice-Tax Div., Washington, D. C., on brief; Robert E. Lindsay, Atty., U. S. Dept. of Justice-Tax Div., Washington, D. C., for plaintiff-appellee.

Before BROWNING, CHOY, and HUG, Circuit Judges.

1. During the hearing on the November 3, 1978, motion, the following colloquy took place between the district judge and Paul Schaeffer of the Justice Department:

>   MR. SCHAEFFER: . . . .
>   The indictment in this cause of action, Your Honor, was returned on April 3rd, 1975.
>   . . . . [T]he United States Supreme Court

Although the notice of appeal was filed immediately after this order, the parties dispute the subject matter here on appeal. Ajimura contends that this court may appropriately address the district court's denial of his double jeopardy claim on the merits. The Government, however, claims that the only issue upon appeal is whether res judicata barred further consideration of the double jeopardy claim by the district court.

■ We agree with the Government. Federal Rule of Appellate Procedure 4(b) specifies that an appeal by a criminal defendant must be taken within ten days of the entry of the judgment or order appealed from, unless the district court allows an additional thirty days. Thus, because the district court's orders of March 16, 1978, and June 1, 1978, were entered more than ten days prior to the date of the notice of appeal, an appeal as to those two orders was not timely filed. We thus may not review those orders. *See United States v. Stolarz,* 547 F.2d 108, 109–10 (9th Cir. 1976), *cert. denied,* 434 U.S. 851, 98 S.Ct. 162, 54 L.Ed.2d 119 (1977); *Smith v. United States,* 425 F.2d 173, 174 (9th Cir. 1970).

■ It is true that many interlocutory orders cannot be appealed at the time of entry of the order. Instead they are reviewed as a part of an appeal from a later, appealable order. *See United States v.*

*Ryan,* 402 U.S. 530, 533, 91 S.Ct. 1580, 29 L.Ed.2d 85 (1971); *DiBella v. United States,* 369 U.S. 121, 129, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962); *Howfield, Inc. v. United States,* 409 F.2d 694, 696–97 (9th Cir. 1969); 18 U.S.C. § 3731; 28 U.S.C. § 1291.

■ An order denying a motion to bar retrial because of the double jeopardy clause is immediately appealable. In *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), decided over nine months before the district court's order of March 16, 1978, the Supreme Court held that "pretrial orders rejecting claims of former jeopardy . . . constitute 'final decisions' and thus satisfy the jurisdictional prerequisites of § 1291." *Id.* at 662, 97 S.Ct. at 2042. Thus, Ajimura could have appealed immediately from the district court's order of March 16, 1978.

■■ The time limits of Rule 4(b) prevent undue delay in the administration of justice and provide finality of orders and judgments, and thus must be carefully respected. *See Stolarz,* 547 F.2d at 109–10; *Smith,* 425 F.2d at 174; Advisory Committee Notes to Fed.R.App.P. 3, *reprinted in* 28 U.S.C.A.Fed.R.App.P. at 8; 9 Moore's Federal Practice ¶ 204.02[1] (1975); 16 C. Wright, A. Miller, E. Cooper, & E. Gressman, Federal Practice and Procedure § 3950 (1977). Had Ajimura complied with the

---

entered its opinion in the Abney case on June 9, 1977 . . . . The case proceeded to trial on July 6th, 1977, and ended in a mistrial. Under the holding of the Supreme Court in Abney, the denial of defendant's motion to bar retrial on the grounds of double jeopardy was a final and appealable order and that order was entered by this Court in March of this year.

Under the Rules of Appellate Procedure the defendant had ten days to file a notice of appeal. That's found in Rule 4 of the Rules of Appellate Procedure. Having failed to file the notice of appeal, the maximum discretion of the Court would be to grant him an additional 30 days for excusable neglect, if that were applicable. No such motion was filed within that time period either.

It is the position of the government that the defendant's motion now is a direct attack on conclusions of law and findings of fact that were previously entered in this same cause of action between these same parties and this

motion is res judicata. The case stands in the same posture as if he had perfected an appeal and it had been affirmed. He cannot now come in and attack the ruling of the Court on a direct attack and his time for appeal has expired. This motion is out of time and it is res judicata. Nor can the matter be certified pursuant to 28 USC 1292, as was requested in defendant's motion of May of this year. . . . Therefore, the matter stands in the posture that the defendant has exhausted his appellate remedy on this issue.

. . . .

THE COURT: Well, I agree with Mr. Schaeffer's argument, but if I happen to be wrong . . . in agreeing with him and as a secondary position I also deny the motion to dismiss.

Since we affirm the district court's primary ground, we do not consider its secondary position.

ten-day time limit of Rule 4(b), his appeal from the March 16 order would have been taken in March of 1978. But he now urges us to address the substance of the March 16 order even though he did not file his notice of appeal for almost seven months. For us to consider the effect of the double jeopardy clause upon Ajimura's retrial would thus eviscerate Rule 4(b); this we may not do. Whether we agree with the Seventh Circuit that denial of a double jeopardy claim may be reviewed on appeal from a judgment of conviction, *see United States v. Gaertner,* 583 F.2d 308 (7th Cir. 1978), is not now before us.

We conclude that upon this appeal we may review only the matters decided by the district court's order of November 3, 1978.

### III. *Merits of Appeal*

The district court indicated that it denied the motion of November 6, 1978, primarily because the matter had already been litigated.[2] Ajimura does not claim that the district court erred in invoking the doctrine of res judicata under the circumstances of this case.

AFFIRMED.