**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Albert R. GAMBLE,**
**Defendant-Appellant.**

No. 78–3407.

United States Court of Appeals,
Ninth Circuit.

Sept. 18, 1979.

Rehearing Denied Nov. 16, 1979.

---

Albert R. Gamble, Gamble & Dean, Tucson, Ariz., for defendant-appellant.

Stephen M. Dichter, Asst. U. S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before ANDERSON and HUG, Circuit Judges, and PORT *, Senior District Judge.

HUG, Circuit Judge:

The defendant-appellant, Albert R. Gamble, challenges his conviction on two counts of willful failure to file income tax returns in violation of 26 U.S.C. § 7203. He claims error based upon the constitutionality of the Internal Revenue Code, the double jeopardy bar to reprosecution, the admission of certain evidence, and the sufficiency of the evidence to support his conviction. We affirm.

## FACTS

Gamble is an attorney who practices law in Arizona as a sole practitioner. The charges against him stem from his filing and failure to file income tax returns for the 1971, 1972 and 1973 tax years. Gamble made a timely filing of his return for 1971, with the notation "plan to review and amend if indicated." On the basis of that return, the Government charged him with filing a false return under 26 U.S.C. § 7206. Prior to 1975, Gamble did not file returns for either 1972 or 1973. As a result of those omissions, he was charged with two counts of willful failure to file returns in violation of 26 U.S.C. § 7203.

At his first trial, the jury found Gamble guilty of the two § 7203 counts, but could not reach a verdict on the § 7206 count. Gamble moved for and was granted a new trial. The grounds for the new trial were prosecutorial misconduct for the reason that the Government attorney continually gave his personal assurance that certain facts in issue were true. Gamble then filed a motion to bar reprosecution because of double jeopardy. That motion was denied, the district court finding that the Government attorney had not acted deliberately or purposefully in order to obtain a new trial. After a three-day trial, the jury found Gamble guilty on the two § 7203 counts and not guilty on the § 7206 charge.

## DISCUSSION

### A. Constitutionality of the Internal Revenue Code.

■ Gamble argues that the Internal Revenue Code violates the Fifth Amendment's privilege against self-incrimination and due process guarantees. This argument has no merit. *United States v. Sullivan*, 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037 (1927); *United States v. Ming*, 466 F.2d 1000 (7th Cir. 1972). Gamble's other arguments relating to the constitutionality of the Internal Revenue Code are frivolous.

### B. Double Jeopardy.

■ Gamble argues that the trial court erred in denying his motion to bar reprosecution on double jeopardy grounds. Before reaching the merits of this claim, we must determine whether Gamble's appeal is timely on this issue. Gamble's motion to bar retrial was denied on August 23, 1978. The order denying that motion is immediately appealable. *Abney v. United States*, 431 U.S. 651, 662, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977); *United States v. Ajimura*, 598 F.2d 510, 512 (9th Cir. 1979). Gamble did not appeal the denial until after the judgment of conviction was entered on October 23, 1978, following his retrial. Federal Rule of Appellate Procedure 4(b) specifies that an appeal in a criminal case must be taken within ten days from the entry of the judgment or order appealed from, unless the district court allows an additional thirty days. The notice of appeal was filed by Gamble well beyond this period.

■ The issue we face is whether a defendant must appeal an order denying a motion to bar retrial on double jeopardy grounds within the ten days prescribed by Fed.R.App.P. 4(b) after entry of the order, or be thereafter foreclosed from raising the issue. In *Ajimura*, 598 F.2d 510, 512, we left open the question of whether the denial of a double jeopardy claim may be reviewed

* The Honorable Edmund Port, Senior United States District Judge for the Northern District of New York, sitting by designation.

on appeal, as here, or whether an appeal is foreclosed unless taken within ten days from such denial. We now hold that although an order denying a motion to bar retrial on grounds of double jeopardy is immediately appealable, this is permissive but not mandatory. The defendant may choose to appeal immediately or reserve the issue for appeal upon conviction in the subsequent trial.

■■ The Double Jeopardy Clause is designed to protect the rights of the defendant, both against double punishment for the same offense, and against being twice put to trial for the same offense. *Abney*, 431 U.S. at 660–61, 97 S.Ct. 2034. However, it does not further the rights of the defendant nor promote judicial economy to *require* that the defendant elect to appeal the issue immediately or be foreclosed from thereafter raising it. If the defendant seeks to avoid retrial, he may do so; however, if he does not insist upon this right conferred by the Double Jeopardy Clause, then it is preferable to avoid piecemeal appeals by permitting the issue to be reserved for an appeal of any subsequent conviction.

The Seventh Circuit recently reached this same conclusion in *United States v. Gaertner*, 583 F.2d 308, 310 (7th Cir. 1978), where the court stated:

Defendant was not required to appeal the double jeopardy ruling simply because he may have done so, and Gaertner was within his rights to delay an appeal pending final resolution of the case in the district court.

■ When a defendant moves for a mistrial and the motion is granted, the Double Jeopardy Clause does not bar a retrial unless there is bad faith conduct by the judge or prosecutor which threatens harassment of the accused by multiple prosecutions or affords the prosecution a more favorable opportunity to convict by intentionally provoking the mistrial request. *United States v. Dinitz*, 424 U.S. 600, 611, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976). In this case, the trial judge quite properly found that the prosecutor's statements personally warranting the truth of certain evidence

amounted to prosecutorial misconduct. The trial judge, however, also found that the prosecuting attorney did not act in bad faith to deliberately provoke a mistrial. This finding is clearly supported by the record and will not be disturbed on appeal.

### C. *Admission of Evidence.*

■ Gamble contends that prejudicial error resulted from the Government's introduction of evidence showing: that he owed taxes for 1971, 1972 and 1973; what his income was for 1972 and 1973; and that he had a long history of late filing and late payment of his taxes with dishonored checks, only subsequently made good. Although this evidence was detrimental to Gamble's case, no error occurred. Initially, we note that the trial judge gave an extensive cautionary instruction to the jury that the evidence could only be considered to determine whether Gamble's failure to file was "willful." Such evidence is clearly admissible on the issue of willfulness. *See United States v. Polk*, 550 F.2d 566, 568 (9th Cir. 1977); *United States v. Snow*, 529 F.2d 224, 226 (9th Cir. 1976). Additionally, the Government correctly points out that Gamble opened the door on direct examination to the prior years, and that he stipulated to the admissibility of his late filings, which included figures as to what his income was for 1972 and 1973. He may not now be heard to complain of the admission of this evidence.

### D. *Sufficiency of Evidence.*

■ Finally, Gamble claims that there was insufficient evidence to prove the element of willfulness. On appeal, this court must consider whether, viewing the evidence in the light most favorable to the Government, there is relevant evidence from which the jury could reasonably find the defendant was guilty beyond a reasonable doubt. *United States v. Rojas*, 554 F.2d 938 (9th Cir. 1977). Upon review, we find that there is sufficient evidence to sustain the verdict.

The judgment of conviction is affirmed.