**UNITED STATES of America, Appellee,**

v.

**Julius ZIMMELMAN, Appellant.**

**No. 80–1332.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 2, 1980.

Decided Dec. 30, 1980.

Nancy Wieben Stock, Asst. U.S. Atty., Los Angeles, Cal., for appellee.

Howard L. Weitzman, Weitzman & Fidler, Los Angeles, Cal., for appellant.

Before GOODWIN and POOLE, Circuit Judges, and PRICE,* District Judge.

PER CURIAM.

Julius Zimmelman appeals pursuant to *Abney v. United States*, 431 U.S. 651, 659, 97 S.Ct. 2034, 2040, 52 L.Ed.2d 651 (1977), from the denial of a motion to dismiss an indictment on grounds of double jeopardy.[1] We affirm.

After a jury trial resulted in Zimmelman's conviction, the district court granted Zimmelman's motion for a mistrial based upon alleged prosecutorial misconduct in the cross–examination of a witness. In doing so, the court ordered a new trial and denied Zimmelman's request to dismiss the indictment.

The Double Jeopardy Clause bars re–prosecution of a case after the grant of

---

* The Honorable Edward Dean Price, United States District Judge for the Eastern District of California, sitting by designation.

1. Zimmelman also contends that the government improperly withheld discoverable infor-

a mistrial only where the mistrial was "attributable to prosecutorial or judicial over-reaching . . . ." *United States v. Jorn*, 400 U.S. 470, 485, 91 S.Ct. 547, 557, 27 L.Ed.2d 543 (1971). In this circuit, this has been interpreted to mean where the improper action of the prosecutor was intentional and done in bad faith. *United States v. Gamble*, 607 F.2d 820, 823 (9th Cir. 1979), *cert. denied*, 444 U.S. 1092, 100 S.Ct. 1059, 62 L.Ed.2d 781 (1980).

The government's cross–examination of David Heath at Zimmelman's trial arguably exceeded the spirit of an earlier court order in limine. The transgression was not, however, intentional and in bad faith. The trial court did not abuse its discretion in denying the motion to dismiss.

Affirmed.

mation. His notice of appeal does not, as it could not, appeal from the district court's denial of his discovery request. We have no jurisdiction to consider the denial of discovery until after a final judgment. One of the criteria for permitting *Abney* appeals is that the rights involve "the very authority of the Government to hale . . . [the defendant] into court to face trial . . . ." *Abney v. United States*, 431 U.S. at 659, 97 S.Ct. at 2040. A motion to compel discovery is not such a right. It differs qualitatively from the double jeopardy rights protected by *Abney*.