891 F.2d 296
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Joseph MURPHY, Defendant-Appellant.
 No. 88-3069.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 25, 1989.*
Decided Dec. 6, 1989.
 
 Before SKOPIL, ALARCON, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael J. Murphy appeals the district court's denial of his motion to delete statements made by his co-defendant, Ella Rose O'Dell, from his presentence report. Murphy entered a negotiated plea agreement and pled guilty to conspiracy to commit credit card fraud, in violation of 18 U.S.C. §§ 371 and 1029(a), and received a sentence of five years. The district court denied his motion as untimely and for failure to exhaust his administrative appeals.
 
 1. Direct Appeal
 
 3
 Murphy styles his motion as made pursuant to Fed.R.Crim.P. 32(c)(3)(D). Rule 32 sets forth the procedure that the district court must use when a defendant alleges any factual inaccuracy in a presentence report. United States v. Kerr, 876 F.2d 1440, 1445 (9th Cir.1989). When a defendant asserts that the district court has failed to follow the procedure set forth in Fed.R.Crim.P. 32(c)(3)(D), he must raise this issue on direct appeal. See United States v. Freeny, 841 F.2d 1000, 1002 (9th Cir.1988) (per curiam) (district judge has no jurisdiction under Fed.R.Civ.P. 32(c)(3)(D) to entertain a challenge to a post-sentence report after sentence has been imposed); see also United States v. Catabran, No. 88-1284, slip op. 11135, 11137 (9th Cir. Sept. 8, 1989) (applying Freeny to pre-sentence reports).
 
 
 4
 In this case, Murphy filed his motion over ten months from the imposition of sentence. Murphy failed to file a direct appeal within the time limit of Fed.R.App.P. 4(b). United States v. Ajimura, 598 F.2d 510, 512 (9th Cir.1979) (per curiam) (10-day time limit in Fed.R.App.P. 4(a) is jurisdictional). As a result, the district court was without jurisdiction to consider his motion.
 
 2. Special Assessment
 
 5
 The trial court levied a $50.00 special assessment against Murphy pursuant to 18 U.S.C. § 3013. The special assessment was declared unconstitutional by this court because it was enacted in violation of the origination clause. United States v. Munoz-Flores, 863 F.2d 654, 657-61 (9th Cir.1988). Therefore, we vacate the special assessment levied against Murphy, sua sponte. See United States v. Anguiano, 873 F.2d 1314, 1321 (9th Cir.1989) (vacating special assessment even though not raised by appellant).
 
 CONCLUSION
 
 6
 The special assessment is hereby VACATED, and the matter is REMANDED to the district court for dismissal for lack of subject matter jurisdiction.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3