**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30338 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-5221-BHS |
| v. | |
| SHARON DIANE KUKHAHN, AKA Sharon Stephenson, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted October 11, 2012
Seattle, Washington

Before: KOZINSKI, Chief Judge, TASHIMA and M. SMITH, Circuit Judges.

Defendant-Appellant Sharon Kukhahn appeals her jury conviction and

sentence for one count of conspiracy to defraud the Internal Revenue Service (IRS)

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

in violation of 18 U.S.C. § 371, four counts of income tax evasion in violation of 26 U.S.C. § 7201, and one count of corrupt interference with the administration of internal revenue laws in violation of 26 U.S.C. § 7212(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not err in admitting evidence related to the business practices of Kukhahn's alleged co-conspirator because that evidence was relevant to the existence and scope of the conspiracy. *See United States v. Rizk*, 660 F.3d 1125, 1131 (9th Cir. 2011). Additionally, the district court did not err in admitting photographic evidence of the co-conspirator's office and Kukhahn's residence because the photographs were relevant to the charges of conspiracy and tax evasion. Kukhahn failed to preserve any Rule 403 objection to this evidence, and its admission does not rise to plain error. *See United States v. Gomez-Norena*, 908 F.2d 497, 501 n.4 (9th Cir. 1990).

We reject Kukhahn's contention that the district court erred in admitting evidence of her tax returns for tax years preceding the prosecuted period. The evidence of prior tax returns was relevant to Kukhahn's willfulness, intent, and absence of mistake. *See United States v. Polk*, 550 F.2d 566, 568 (9th Cir. 1977). We also reject Kukhahn's contention that the district court judge had an obligation to recuse himself simply because he presided over a prior civil matter in which

2

Kukhahn was the defendant. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of . . . prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *United States v. Liteky*, 510 U.S. 540, 555 (1994). The district judge's condemnation of Kukhahn's crime during the sentencing hearing does not constitute evidence of deep-seated antagonism. *See United States v. Monaco*, 852 F.2d 1143, 1147 (9th Cir. 1988).

Finally, the district court did not abuse its discretion by failing to grant a further downward variance from the Guidelines range because the record reflects "rational and meaningful consideration" of the 18 U.S.C. § 3553(a) factors. *United States v. Ressam*, 679 F.3d 1069, 1089 (9th Cir. 2012) (en banc) (quotes omitted). Kukhahn's sentence of 84 months—a sentence well below the Guidelines range—is "sufficient, but not greater than necessary to accomplish § 3553(a)(2)'s sentencing goals." *Id.* (citations and quotes omitted).

**AFFIRMED.**