T.C. Memo. 2003-311


UNITED STATES TAX COURT


VIVIAN C. KERR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15930-02.                    Filed November 7, 2003.


Vivian C. Kerr, pro se.

<u>C. Teddy Li</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


PANUTHOS, <u>Chief Special Trial Judge</u>:  Respondent determined a deficiency in petitioner's Federal income tax of $6,243 and an accuracy-related penalty under section 6662(a) of $1,249 for the 2000 taxable year.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the

year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issues for decision are: (1) Whether petitioner failed to report nonemployee compensation of $21,552 for the 2000 taxable year and (2) whether petitioner is liable for the resulting accuracy-related penalty under section 6662(a).

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulated facts and the related exhibits are incorporated herein by this reference. At the time of filing the petition, petitioner resided in Baltimore, Maryland.

During the year in issue, petitioner was a heavy collision technician at Automotive Emporium. He brought his own toolbox and used his own tools to "rebuild wrecks" and to perform automobile bodywork. Automotive Emporium issued petitioner a Form 1099-MISC, Miscellaneous Income, reporting nonemployee compensation of $21,552 for the 2000 taxable year. The record includes 48 checks totaling $20,167.55 that were issued by Automotive Emporium, made payable to petitioner, and dated from February 3 to October 5, 2000.

JJ Auto Body and Clarksville Auto Center each issued petitioner a Form W-2, Wage and Tax Statement, reflecting wages totaling $6,494 for the 2000 taxable year.

Petitioner filed a Federal income tax return for the 2000 taxable year. He reported $6,495 of gross income from wages. Petitioner, however, did not include in his gross income for the year in issue any of the $21,552 reported by Automotive Emporium on Form 1099-MISC.

Respondent contends that, during the year in issue, petitioner was an independent contractor for Automotive Emporium and that he failed to report nonemployee compensation of $21,552. Petitioner contends that he did not have the requisite license to perform automobile bodywork as an independent contractor, and thus he was a common law employee of Automotive Emporium. Petitioner further contends that, although employed by Automotive Emporium, he did not receive any compensation for his automobile bodywork. Instead, he testified that, with respect to the 48 checks made payable to petitioner by Automotive Emporium, he simply cashed the checks and returned the proceeds to Automotive Emporium.

## OPINION

A.  <u>Employment Status and Compensation</u>

Generally, the burden of proof is on the taxpayer. Rule 142(a)(1). The burden of proof respecting a factual issue may be placed on the Commissioner under section 7491(a) if the taxpayer introduces credible evidence regarding that issue and establishes that the taxpayer complied with the requirements of section

7491(a)(2)(A) and (B) to substantiate items, maintain required records, and fully cooperate with the Commissioner's reasonable requests.  Section 7491 does not require the burden of proof to be placed on respondent in the present case.[1]  Petitioner has neither taken a position as to whether the burden of proof should be placed on respondent nor established that he complied with the requirements of section 7491(a).  We therefore conclude that the burden remains on petitioner to prove that respondent's determination that petitioner received unreported nonemployee compensation of $21,552 for the 2000 taxable year is erroneous.

Gross income includes "Compensation for services, including fees, commissions, fringe benefits, and similar items".  Sec. 61(a)(1).  In the present case, petitioner performed automobile bodywork at the Automotive Emporium.  Gross income includes the $21,552 paid by Automotive Emporium to petitioner.  The record includes 48 checks totaling $20,167.55 that were issued by Automotive Emporium, made payable to petitioner, and dated from February 3 to October 5, 2000.  Petitioner has not presented any credible evidence that the $21,552 reported on Form 1099-MISC does not represent income for services performed.  We do not accept petitioner's testimony that he cashed checks and

[1] Sec. 7491 is effective with respect to court proceedings arising in connection with examinations by the Commissioner commencing after July 22, 1998, the date of enactment by the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3001(a), 112 Stat. 726.

returned the proceeds to Automotive Emporium as an accommodation.[2]

The classification of the amount reported by Automotive Emporium as nonemployee compensation depends upon whether petitioner is a common law employee or an independent contractor for Federal income tax purposes.  See Weber v. Commissioner, 103 T.C. 378, 386-387 (1994), affd. 60 F.3d 1104 (4th Cir. 1995). Courts have identified a number of factors relevant in evaluating common law employment status, including the following:  (1) The right of the hiring party to exercise control over the manner and means of the work; (2) the discretion of the hiring party over the time and duration of the work; (3) the permanency of the relationship; (4) the right of the hiring party to discharge; (5) the source of and investment in the instrumentalities, tools, and facilities of the work; (6) the method of payment; (7) the provision of employee benefits; (8) the opportunity of the hired party for profit or loss; (9) the right of the hiring party to assign additional projects; (10) the offering by the hired party of services to the general public; (11) the skill required for the work; (12) whether the type of work is part of the hiring

_____

[2]  We note the discrepancy between the amounts reflected in the Form 1099-MISC, Miscellaneous Income, $21,552, and the checks totaling $20,167.55.  Petitioner has not "asserted a reasonable dispute" with respect to the income reported on an information return, nor fully cooperated with respondent, so as to place on respondent the burden of producing reasonable and probative information in addition to the Form 1099-MISC.  See sec. 6201(d); McQuatters v. Commissioner, T.C. Memo. 1998-88.  Given the nature of petitioner's incredible testimony, we accept the $21,552 as the amount paid to petitioner.

- 6 -

party's regular business; and (13) the relationship the parties believe they are creating.  <u>Nationwide Mut. Ins. Co. v. Darden</u>, 503 U.S. 318, 323 (1992); <u>Beech Trucking Co. v. Commissioner</u>, 118 T.C. 428, 440 (2002); <u>Weber v. Commissioner</u>, <u>supra</u> at 387; <u>Kiddie v. Commissioner</u>, 69 T.C. 1055, 1057-1058 (1978).

Given petitioner's testimony that he did not get paid for the work he performed at Automotive Emporium, it is somewhat difficult to apply the aforementioned factors.  Doing our best with a meager record, we conclude that petitioner has failed to prove that respondent's determination that petitioner failed to report nonemployee compensation of $21,552 for the 2000 taxable year should not be sustained.  The only information provided is that petitioner provided his own tools to perform automobile bodywork as a heavy collision technician at the Automotive Emporium.  Petitioner has failed in his burden of proof to establish that he was a common law employee, and not an independent contractor, of Automotive Emporium.  Accordingly, respondent's determination that petitioner received $21,552 of nonemployee compensation is sustained.

B.  <u>Accuracy-Related Penalty</u>

The Commissioner has the "burden of production in any court proceeding with respect to the liability of any individual for any penalty" under section 6662(a).  Sec. 7491(c).  To meet this burden, the Commissioner must come forward with sufficient

evidence indicating that it is appropriate to impose the relevant penalty or addition to tax. <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446 (2001). Once the Commissioner meets his burden of production, the taxpayer must come forward with evidence sufficient to persuade a court that the Commissioner's determination is incorrect. <u>Id.</u> at 447. The taxpayer also bears the burden of proof with regard to issues of reasonable cause, substantial authority, or similar provisions. <u>Id.</u> at 446.

Respondent determined that petitioner is liable for the accuracy-related penalty under section 6662(a) for 2000. The accuracy-related penalty is equal to 20 percent of any portion of an underpayment of tax required to be shown on the return that is attributable to the taxpayer's negligence or disregard of rules or regulations. See sec. 6662(a) and (b)(1). "Negligence" consists of any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code. Sec. 6662(c). "Disregard" consists of any careless, reckless, or intentional disregard. <u>Id.</u>

An exception applies to the accuracy-related penalty when the taxpayer demonstrates (1) there was reasonable cause for the underpayment, and (2) the taxpayer acted in good faith with respect to such underpayment. See sec. 6664(c). Whether the taxpayer acted with reasonable cause and in good faith is determined by the relevant facts and circumstances. The most

important factor is the extent of the taxpayer's efforts to assess the proper tax liability. See <u>Stubblefield v. Commissioner</u>, T.C. Memo. 1996-537; sec. 1.6664-4(b)(1), Income Tax Regs. Section 1.6664-4(b)(1), Income Tax Regs., specifically provides: "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer."

On the basis of the record, we conclude that petitioner is liable for the accuracy-related penalty under section 6662(a). Respondent has met his burden of production under section 7491(c) with the Form 1099-MISC and various checks made by Automotive Emporium during the 2000 taxable year. We are satisfied that petitioner omitted income from his return for the taxable year 2000. Petitioner failed to provide a reasonable or credible explanation as to why the income was not reported on his income tax return. Petitioner has not established that the underpayment was due to reasonable cause or that petitioner acted in good faith. Accordingly, we sustain respondent on this adjustment.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.