T.C. Summary Opinion 2004-77


UNITED STATES TAX COURT


MELINDA D. RIVERA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16971-02S.               Filed May 27, 2004.


Melinda D. Rivera, pro se.

<u>Rebecca S. Duewer</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time that the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency in petitioner's Federal income tax of $4,122 for 2000. After concessions,[1] the issues remaining for decision are: (1) Whether petitioner, during the year at issue, was a statutory employee under section 3121(d)(3)(D); (2) whether petitioner is liable for self-employment tax; and (3) whether petitioner is entitled to deductions for either employee business expenses on Schedule A, Itemized Deductions, or trade or business expenses on Schedule C, Profit or Loss From Business, under section 162(a).

## Background

The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. Petitioner resided in Oakland, California, at the time the petition was filed.

Petitioner timely filed her Form 1040, U.S. Individual Income Tax Return, for 2000. Attached to the return were three Forms W-2, Wage and Tax Statement, in petitioner's name reporting wages as follows:

| | |
|---|---|
| Big Train, Inc. | $35,142.29 |
| Peerless Coffee Co., Inc. | 9,373.48 |
| George W. Riley Professional Beauty Center | 757.87 |

---

[1]Petitioner conceded at trial that she was not a statutory employee of her employers George Riley and Victoria's Secret. Petitioner only worked for Victoria's Secret for only 1 day.

Box 15, which indicates "statutory employee" status, was not checked on any of the Forms W-2. Total wages reported on line 7 of the Form 1040 were $45,419.

Petitioner filed with her return a Schedule C. The Schedule C reported business income of $45,419, expenses of $11,506, and net profit of $33,913.

Respondent sent to petitioner a statutory notice of deficiency for tax year 2000 determining that petitioner is liable for self-employment tax and is entitled to a deduction for one-half that amount.

Big Train, Inc.

Petitioner was hired in January 2000 by Big Train, Inc. (Big Train), as their northern California sales representative. Petitioner's employment with Big Train was terminated in August 2000. During this period, petitioner's responsibilities included outside sales and support for new and existing customers as well as achieving the revenue growth and new store goals set by the company.

Peerless Coffee Co.

From about October through December 2000, petitioner worked for the Peerless Coffee Co. (Peerless) By letter dated September 26, 2000, Peerless offered petitioner employment on their sales team. The letter sets forth petitioner's salary and commission and the availability of health benefits after the completion of a

90-day probationary period. The letter also states that petitioner would be reimbursed at 26 cents per mile for mileage driven and documented. Peerless required that it be named as an additional insured on petitioner's auto policy and that petitioner provide them with certificates of insurance on a regular basis. Petitioner's monthly insurance billing statements did not reflect Peerless as an insured.

## Discussion

The sole adjustment determined in the notice of deficiency is that petitioner is liable for self-employment tax and entitled to the corresponding deduction. The issues regarding petitioner's status as a statutory employee and her entitlement to claim deductions on Schedule C were raised in her petition herein and were argued by her at trial. Respondent did not file an answer, and his argument that petitioner is not entitled to deduct business expenses on either Schedule C or Schedule A because of lack of substantiation was raised for the first time in his trial memoranda.[2]

The Court finds on the basis of the entire record that petitioner received adequate notice, and was not surprised or unduly prejudiced by respondent's position. Accordingly, the Court deems the issues raised and tried by consent of the parties

---

[2]This case was set for trial twice. Respondent raised the issue in both trial memoranda.

under Rule 41(b) and properly before the Court.  See <u>Christensen v. Commissioner</u>, T.C. Memo. 1996-254, affd. without published opinion 142 F.3d 442 (9th Cir. 1998).

If sustained, respondent's disallowance of petitioner's claimed deductions totaling $11,506 may result in a deficiency higher than that determined in the notice of deficiency.  Section 6214(a) provides that this Court shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount determined by the Commissioner in the notice of deficiency if the Commissioner asserts a claim at or before the hearing or rehearing.  Consistent with the general mandate of section 6214(a), this Court generally will exercise its jurisdiction over an increased deficiency only where the matter is properly pleaded.  <u>Markwardt v. Commissioner</u>, 64 T.C. 989, 997 (1975); <u>McGee v. Commissioner</u>, T.C. Memo. 2000-308 (citing <u>Estate of Petschek v. Commissioner</u>, 81 T.C. 260, 271-272 (1983), affd. 738 F.2d 67 (2d Cir. 1984)).

Rule 41(b)(1), however, provides that when an issue not raised in the pleadings is tried with the express or implied consent of the parties, that issue is treated in all respects as if it had been raised in the pleadings.  Thus, where the Commissioner raises an issue that could result in an increased deficiency without formally amending his pleading and that issue is tried with the taxpayer's express or implied consent, the

requirement in section 6214(a) that the Commissioner make a claim for the increased deficiency is satisfied.  See McGee v. Commissioner, supra (citing Woods v. Commissioner, 91 T.C. 88, 93 (1988)); see also Pallottini v. Commissioner, 90 T.C. 498, 500 (1988).

Taxpayers generally bear the burden of proving that the Commissioner's determinations are incorrect.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  However, the Commissioner bears the burden of proof in respect of any new matter or increases in deficiency.  Rule 142(a); Powerstein v. Commissioner, 99 T.C. 466, 473 n.4 (1992).  The resolution of the remaining issues does not depend on which party has the burden of proof.  The Court resolves those issues on the preponderance of the evidence in the record; therefore section 7491 does not apply here.

I.   Petitioner's Employment Status and Liability for Self-Employment Tax

Adjusted gross income generally consists of gross income less trade or business expenses, except in the case of the performance of services by an employee.  Sec. 62.  With exceptions not relevant here, an individual performing services as an employee may deduct expenses incurred in the performance of services as an employee only as miscellaneous itemized deductions on Schedule A and then only to the extent such expenses exceed 2 percent of the individual's adjusted gross income.  Secs. 63(a),

(d), 67(a) and (b).  The deduction for business expenses under section 162 is not enumerated in section 67(b) and thus is included in miscellaneous itemized deductions.  Sec. 67.

The Commissioner has ruled that an individual who is a statutory employee under section 3121(d)(3), which relates to employment taxes, is not an employee for purposes of sections 62 and 67, and, therefore, a statutory employee under section 3121(d)(3) is not subject to the section 67(a) 2-percent limitation for expenses incurred by such employee in the performance of services as an employee.  Rev. Rul. 90-93, 1990-2 C.B. 33.  Thus, an individual who is a statutory employee under section 3121(d)(3) is allowed to deduct expenses from gross income that otherwise would be subject to the 2-percent limitation of section 67(a).

An employee for employment tax purposes is defined in pertinent part by section 3121(d) as follows:

> SEC. 3121(d).  Employee.--For purposes of this chapter, the term "employee" means--
>
> (1) any officer of a corporation; or
>
> (2) any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee; or
>
> (3) any individual (other than an individual who is an employee under paragraph (1) or (2)) who performs services for remuneration for any person * * *
>
> * * * * * * *

(D) as a traveling or city salesman, other than as an agent-driver or commission-driver, engaged upon a full-time basis in the solicitation on the behalf of, and the transmission to, his principal (except for side-line sales activities on behalf of some other person) of orders from wholesalers, retailers, contractors, or operators of hotels, restaurants, or other similar establishments for merchandise for resale or supplies for use in their business operations;

if the contract of service contemplates that substantially all of such services are to be performed personally by such individual; except that an individual shall not be included in the term "employee" under the provisions of this paragraph if such individual has a substantial investment in facilities used in connection with the performance of such services (other than in facilities for transportation) * * *.

An individual is a statutory employee under section 3121(d)(3) only if such individual is not a common law employee under section 3121(d)(2).

Whether an individual is a common law employee under section 3121(d)(2) is a question of fact. Profl. & Executive Leasing, Inc. v. Commissioner, 89 T.C. 225, 232 (1987), affd. 862 F.2d 751 (9th Cir. 1988); Simpson v. Commissioner, 64 T.C. 974, 984 (1975). Among the relevant factors in determining the substance of an employment relationship are the following: (1) The degree of control exercised by the principal over the details of the work, (2) the taxpayer's investment in facilities, (3) the taxpayer's opportunity for profit or loss, (4) permanency of the relationship between the parties, (5) the principal's right of

discharge, (6) whether the work performed is an integral part of the principal's business, (7) what relationship the parties believe they are creating, and (8) the provision of employee benefits. NLRB v. United Ins. Co., 390 U.S. 254, 258 (1968); Garrett v. Phillips Mills, Inc., 721 F.2d 979, 981 (4th Cir. 1983); Simpson v. Commissioner, supra at 984-985; sec. 31.3121(d)-1(c)(2), Employment Tax Regs. (setting forth criteria for identifying common law employees). No one factor is determinative. Cmty. for Creative Non-Violence v. Reid, 490 U.S. 730, 752 (1989). Instead, all the incidents of the relationship must be assessed and weighted. NLRB v. United Ins. Co., supra at 258; Simpson v. Commissioner, supra at 985. The factors should not be weighted equally but should be weighted according to their significance in the particular case. Aymes v. Bonelli, 980 F.2d 857, 861 (2d Cir. 1992); Matt v. Commissioner, T.C. Memo. 1990-209.

A.   Degree of Control

The control factor is the "crucial test" to determine the nature of a working relationship. Weber v. Commissioner, 103 T.C. 378, 387 (1994), affd. per curiam 60 F.3d 1104 (4th Cir. 1995). The degree of control necessary to find employee status varies with the nature of the services the worker provides. See Ewens & Miller, Inc. v. Commissioner, 117 T.C. 263, 270 (2001); Weber v. Commissioner, supra at 388.

All that is necessary is that the principal have the right to control the details of the person's work. McGuire v. United States, 349 F.2d 644, 646 (9th Cir. 1965); Thomas Kiddie, M.D., Inc. v. Commissioner, 69 T.C. 1055, 1058 (1978). It is not necessary for the principal actually to exercise that control. Potter v. Commissioner, T.C. Memo. 1994-356.

"Where the inherent nature of the job mandates an independent approach, a lesser degree of control exercised by the principal may result in a finding of an employer-employee status." Youngs v. Commissioner, T.C. Memo. 1995-94, affd. without published opinion 98 F.3d 1348 (9th Cir. 1996); Potter v. Commissioner, supra.

To retain the requisite control over the details of an individual's work, the employer need not stand over the individual and direct every move made by the individual; it is sufficient if the employer has the right to do so. Weber v. Commissioner, supra at 388. Similarly, the employer need not set the employee's hours or supervise every detail of the work environment to control the employee. Gen. Inv. Corp. v. United States, 823 F.2d 337, 342 (9th Cir. 1987). Workers who set their own hours are not necessarily independent contractors. Id.; Ewens & Miller, Inc. v. Commissioner, supra at 270.

The record shows that Peerless dictated petitioner's compensation and expense reimbursement. The description of

petitioner's position with Big Train indicates that petitioner's duties, performance goals, and sales territory were set by the company's national sales manager. Additionally, petitioner was required to report the status of her accounts and work, as well as her schedule, to the national sales manager.

B. Investment in Facilities

The record does not contain any information as to petitioner's working conditions while she was employed by Peerless. Petitioner testified that while employed by Big Train, she worked mainly from her home and faxed or mailed her work and expenses to them. Petitioner has not provided any evidence as to any expenditures she may have made to establish or conform a workspace in her home in order to perform the duties of her job. In any event, maintenance of a home office alone would not be a sufficient basis for a finding that petitioner was an independent contractor rather than an employee. Lewis v. Commissioner, T.C. Memo. 1993-635.

C. Opportunity for Profit or Loss

Petitioner received a salary from Big Train as well as commissions on her sales. Big Train also paid some of her travel expenses.

Petitioner received a biweekly base salary from Peerless and commissions on her sales. Peerless also reimbursed petitioner for her mileage.

Compensation on a commission basis is entirely consistent with an employer-employee relationship. <u>Texas Carbonate Co. v. Phinney</u>, 307 F.2d 289, 292 (5th Cir. 1962); <u>Capital Life & Health Ins. Co. v. Bowers</u>, 186 F.2d 943 (4th Cir. 1951).

While petitioner could conceivably have suffered some loss as a result of her sales activities, she may still be an employee under the common law test if her risk of loss was negligible. <u>Lewis v. Commissioner</u>, <u>supra</u>; <u>Radovich v. Commissioner</u>, T.C. Memo. 1954-220.

Petitioner did not purchase or own the products she sold. Given her guaranteed base salaries from her employers, petitioner's risk of loss from her sales activities was negligible at best.

D.   <u>Permanency of Relationship</u>

There is no information in the record with respect to this factor.

E.   <u>Principal's Right To Discharge</u>

There is no information in the record with respect to this factor as it pertains to Peerless; however, petitioner was subject to a 90-day probationary period at the beginning of her employment with the company. Petitioner's employment with Big Train, however, was terminated by Big Train in August 2000. This is consistent with employee status.

F.    Integral Part of Business

Peerless and Big Train are in the business of selling their products.  Sales representatives, such as petitioner, are their key connection with their customers.  This factor supports a finding that petitioner was an employee of Peerless and Big Train.  See Lewis v. Commissioner, supra.

G.    Relationship Parties Believe They Created

Petitioner believes that she was a statutory employee.  The statutory employee boxes on the Forms W-2 from Peerless and Big Train were not checked.  Further, Peerless and Big Train withheld applicable payroll taxes and did not issue Forms 1099 to petitioner.

H.    Employee Benefits

Peerless offered petitioner medical, dental, and vision benefits upon completion of her 90-day probationary period. There is no evidence in the record as to whether petitioner received any benefits from Big Train.

Considering the record and weighing all the factors, the Court concludes that petitioner was a common law employee under section 3121(d)(2) and, therefore, was not a statutory employee under section 3121(d)(3).  Petitioner is not entitled to report gross income and deduct expenses on Schedule C.  Respondent is sustained on this issue.

Further, the Court finds and holds that petitioner is not liable for self-employment tax because of the exclusion accorded employees by section 1402(c)(2).

II. Petitioner's Deductions

In light of the Court's holding that petitioner is not entitled to deduct expenses on Schedule C, the Court must now decide whether petitioner is entitled to deduct expenses incurred in connection with her employment on her Schedule A. See sec. 67(a).

Deductions are a matter of legislative grace, and generally the taxpayer bears the burden of proving the entitlement to any deductions claimed. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). In this case, however, the burden of proof is on respondent because respondent raised a new matter and has asserted an increased deficiency. See Rule 142(a). Respondent, therefore, must prove that petitioner is not entitled to the deductions she claimed on her return.

Section 162(a) allows a taxpayer deductions for ordinary and necessary business expenses paid or incurred during the taxable year in carrying on a trade or business. Generally, a taxpayer must establish that expenses deducted pursuant to section 162 are ordinary and necessary business expenses and must maintain records sufficient to substantiate the amounts of the deductions claimed. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. Section

262, however, expressly provides that no deduction shall be allowed for personal, living, or family expenses.

The parties stipulated various copies of petitioner's receipts, organized into the following categories: (1) Parking; (2) dry cleaning; (3) shopping; (4) postage; (5) parking and taxis; (6) Staples and Kinko's; (7) meals; (8) Jiffy Lube; (9) cellular telephone; (10) telephone; (11) Office Max; (12) insurance; (13) vehicle registration; (14) Unocal (auto repair); and (15) an airline ticket and receipt. It is not apparent how, or if, the expenses relate to petitioner's employment.

Petitioner's receipts included expenditures for personal dry cleaning, clothes, bicycle equipment, haircuts, and groceries. She admitted that she did not keep any records as to her claimed meals and travel expenses. Respondent's counsel elicited testimony from petitioner which demonstrated that petitioner was unable to identify a business purpose for any of the expenses she claimed as deductions.

Petitioner testified that she put all her receipts in a box and let her accountant sort them out. Petitioner's accountant admitted at trial that he mistakenly included in petitioner's deductions expenses that were not deductible and that he agreed with some of respondent's adjustments.

The Court holds that respondent has carried his burden of proving that petitioner is not entitled to the deductions claimed on her return.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered under Rule 155</u>.