T.C. Summary Opinion 2009-162

UNITED STATES TAX COURT

ANGELA LEE SLOAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3529-08S.                    Filed October 19, 2009.

Angela Lee Sloan, pro se.

<u>Mark H. Pfeffer</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue,

and all Rule references are to the Tax Court Rules of Practice and Procedure.

For 2004 respondent determined a deficiency of $2,089 in petitioner's Federal income tax. The issues for decision[1] are: (1) Whether respondent properly disallowed petitioner's claimed business expenses as a "musician, vocalist, and actress" (musician business) and as a "services musician vocalist" (band business); (2) whether respondent properly disallowed petitioner's claimed deduction for the business use of her home; and (3) whether petitioner is a statutory employee pursuant to section 3121(d)(3)(D).

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. When petitioner filed her petition, she resided in California.

In October 2005 petitioner timely filed a Form 1040, U.S. Individual Income Tax Return, for 2004. On one Schedule C, Profit or Loss From Business, she reported expenses of $8,176[2] from her musician business. On a second Schedule C she reported

_____

[1]Petitioner conceded that she failed to report $735 in wage income.

[2]This Schedule C included deductions for expenses of: (1) $1,877 for depreciation and sec. 179 expenses; (2) $1,538 for other expenses; and (3) $4,761 for the business use of her home.

expenses of $2,965[3] from her band business.  She did not report income from either her musician business or her band business.

On Schedule A, Itemized Deductions, petitioner reported business expenses associated with her sales position for Clear Channel Communications (Clear Channel).  She now contends that she is a statutory employee and is entitled to deduct those expenses on Schedule C.

On November 6, 2007, respondent issued petitioner a notice of deficiency disallowing the deductions claimed on her Schedules C.

Petitioner has worked as a sales representative[4] (representative) for Clear Channel since 2001.  As a representative, petitioner spends over 50 percent of her time outside of the office selling and marketing on-air media time[5] to prospective clients.  She uses her personal cell phone and vehicle to solicit and serve clients and she occasionally

---

[3]This Schedule C included deductions for expenses of: (1) $240 for repairs and maintenance; (2) $373 for supplies; and (3) $2,352 for other expenses.

[4]Although it is unclear whether petitioner is an account executive or a sales representative, her job title has no bearing on the decision of the Court.

[5]On-air media advertising consists of radio, Internet, and other nontraditional advertising.

purchases gifts and meals for her clients, expenses for which Clear Channel does not reimburse her.[6]

Clear Channel provides petitioner with a work space furnished with a desk, a computer, and a phone and hires personnel to assist petitioner. Clear Channel also provides health and dental insurance and contributes to petitioner's section 401(k) retirement plan. Although petitioner is required to recruit her own clients, Clear Channel occasionally provides representatives with customer leads and existing client accounts.

## Discussion

### I. Burden of Proof

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer has the burden of proving that those determinations are erroneous. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In certain circumstances, however, section 7491(a)(1) places the burden of proof on the Commissioner. Petitioner has not alleged that section 7491 is applicable, nor has she established compliance with the requirements of section 7491(a)(2)(A). Therefore, the burden of proof does not shift to respondent.

---

[6]Clear Channel's general policy in 2004 was not to reimburse employees for expenses.

II.  Claimed Business Expense Deductions

Deductions are strictly a matter of legislative grace, and taxpayers must satisfy the specific requirements for any deduction claimed.  See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Taxpayers bear the burden of substantiating the amount and purpose of any claimed deduction.  See Hradesky v. Commissioner, 65 T.C. 87 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

A.  Business Use of Home

As a general rule, section 280A(a) denies deductions with respect to the use of a dwelling unit that was used by the taxpayer as a residence during the taxable year.  But section 280A(c)(1)(A) permits the deduction of expenses allocable to a portion of the dwelling unit that was used exclusively and regularly as the principal place of business for the taxpayer's trade or business.

Section 280A(c)(5) limits the allowable deduction of expenses related to the trade or business use of a residence to the excess of the gross income derived from the trade or business use for the year over the sum of certain deductions allocable to such income.

Petitioner claimed a deduction for the business use of her home on the Schedule C for her musician business.  Pursuant to

section 280A(c)(5), she is entitled to deduct expenses from the business use of her home only to the extent the income from her musician business exceeds allowable deductions. Petitioner did not report any income from her business or otherwise demonstrate probable receipt of income. She therefore is not entitled to deduct expenses for the business use of her home for 2004, and the Court sustains respondent's disallowance.

B. Schedule C Expenses

Section 162(a) allows a deduction for all ordinary and necessary expenses paid or incurred by a taxpayer in carrying on any trade or business. An expense is considered ordinary if commonly or frequently incurred in the trade or business of the taxpayer. Deputy v. du Pont, 308 U.S. 488, 495-496 (1940). An expense is necessary if it is appropriate or helpful in carrying on a taxpayer's trade or business. Commissioner v. Heininger, 320 U.S. 467, 471 (1943); Welch v. Helvering, supra at 113.

A taxpayer must maintain records sufficient to substantiate the amounts of the deductions claimed. Sec. 1.6001-1(a), Income Tax Regs. If a taxpayer establishes that an expense is deductible but is unable to substantiate the precise amount, we may estimate the amount, bearing heavily against the taxpayer whose inexactitude is of his own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). The taxpayer must present sufficient evidence for the Court to form an estimate because

without such a basis, any allowance would amount to unguided largesse. <u>Williams v. United States</u>, 245 F.2d 559, 560-561 (5th Cir. 1957); <u>Vanicek v. Commissioner</u>, 85 T.C. 731, 742-743 (1985).

Petitioner asserts that she engaged in her band and musician businesses for profit. But respondent's dispute concerns whether petitioner has substantiated her claimed business expenses, not whether she engaged in these activities for profit. Thus, the Court need address only whether petitioner substantiated her business expenses.

Petitioner did not testify as to her claimed business expenses and failed to present any credible evidence to substantiate expenses for either her musician or her band business. She also did not provide the Court with sufficient evidence to permit an estimate of the expenses. Respondent's determination is sustained.

III. <u>Petitioner's Employment Status</u>

Adjusted gross income generally consists of gross income less trade or business expenses, except in the case of the performance of services by an employee. Sec. 62. With exceptions not relevant here, an individual performing services as an employee may deduct expenses incurred in the performance of services as an employee only as miscellaneous itemized deductions on Schedule A and then only to the extent such expenses exceed 2

percent of the individual's adjusted gross income.  Secs. 63(a), (d), 67(a) and (b).

Petitioner claims that she is not an employee and relies on sections 3508(b)(2) and 3121(d)(3).

A.  Petitioner's Employment Status Under Section 3508(b)(2)

Section 3508 affords nonemployee status to certain statutorily defined classes of activities, including those of a direct seller.  A "direct seller" is a person engaged in the trade or business of either selling consumer products in the home as opposed to a permanent retail establishment or delivering or distributing newspapers or shopping news.  Sec. 3508(b)(2)(A).  Section 3508(b)(2)(B) also requires that the person receive remuneration related to sales rather than to the number of hours worked.  Finally, section 3508(b)(2)(C) requires that the person perform services pursuant to a written contract that provides that the person is not treated as an employee with respect to those services for Federal tax purposes.

Although substantially all the remuneration petitioner received is directly related to sales rather than to the number of hours worked, she does not satisfy the requirements of section 3508(b)(2)(A) or (C).  Petitioner does not sell consumer products or deliver newspapers, and she did not provide evidence of a contractual agreement with Clear Channel indicating that she would not be treated as an employee for Federal tax purposes.

Accordingly, she is not entitled to report deductions on Schedule C under section 3508(b)(2).

B. Petitioner's Employment Status Under Section 3121(d)(3)

An individual who is a statutory employee under section 3121(d)(3) is not an employee for purposes of sections 62 and 67 and is not subject to the section 67(a) 2-percent limitation for expenses incurred by such employee in the performance of services as an employee. Ewens & Miller, Inc. v. Commissioner, 117 T.C. 263 (2001); Prouty v. Commissioner, T.C. Memo. 2002-175.

An employee for employment tax purposes is defined by section 3121(d) as follows:

> SEC. 3121(d). Employee.--For purposes of this chapter, the term "employee" means–
>
> (1) any officer of a corporation; or
>
> (2) any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee; or
>
> (3) any individual (other than an individual who is an employee under paragraph (1) or (2)) who performs services for remuneration for any person * * *
>
>      *    *    *    *    *    *    *
>
> (D) as a traveling or city salesman, other than as an agent-driver or commission-driver, engaged upon a full-time basis in the solicitation on behalf of, and the transmission to, his principal (except for side-line sales activities on behalf of some other person) of orders from wholesalers, retailers, contractors, or operators of hotels, restaurants, or other similar

establishments for merchandise for resale or supplies for use in their business operations;

if the contract of service contemplates that substantially all of such services are to be performed personally by such individual; except that an individual shall not be included in the term "employee" under the provisions of this paragraph if such individual has a substantial investment in facilities used in connection with the performance of such services (other than in facilities for transportation)* * *

Petitioner asserts that she meets the statutory exception under section 3121(d)(3)(D).[7]  Respondent alleges that petitioner's working relationship with Clear Channel is that of a common law employee and that the character of the product petitioner sells and the character of her customers do not meet the exception described in section 3121(d)(3)(D).

Section 3121(d)(3)(D) defines a salesperson as engaged in the sale of "merchandise for resale" or in the sale of "supplies for use in their business operations".  Petitioner does not sell "merchandise"; rather, petitioner sells advertising "time".  Furthermore, her clients purchase air time not for resale or for use as a supply in their business operations but to advertise their products and services.  Additionally, on Schedules C businesses deduct advertising expenses separately from goods and

---

[7]Petitioner does not allege that she is a statutory employee under sec. 3121(d)(3)(A), (B), or (C).

supply expenses, providing further evidence that air time is not "merchandise" as contemplated under section 3121(d)(3)(D).

Petitioner's employment does not fall within the definition of a traveling or city salesperson under section 3121(d)(3)(D), and the evidence shows that she is a common law employee under section 3121(d)(2).

Whether an individual is a common law employee under section 3121(d)(2) is a question of fact. Profl. & Executive Leasing, Inc. v. Commissioner, 89 T.C. 225, 232 (1987), affd. 862 F.2d 751 (9th Cir. 1988); Simpson v. Commissioner, 64 T.C. 974, 984 (1975). Among the relevant factors in determining the substance of an employment relationship are the following: (1) The degree of control exercised by the principal over the details of the work; (2) the taxpayer's investment in facilities; (3) the taxpayer's opportunity for profit or loss; (4) permanency of the relationship between the parties; (5) the principal's right of discharge; (6) whether the work performed is an integral part of the principal's business; (7) what relationship the parties believe they are creating; and (8) the provision of employee benefits. NLRB v. United Ins. Co., 390 U.S. 254, 258 (1968); Garrett v. Phillips Mills, Inc., 721 F.2d 979, 981 (4th Cir. 1983); Simpson v. Commissioner, supra at 984-985; sec. 31.3121(d)-1(c)(2), Employment Tax Regs. (setting forth criteria for identifying common law employees). No one

factor is determinative. Cmty. for Creative Non-Violence v. Reid, 490 U.S. 730, 752 (1989). Instead, all the incidents of the relationship must be assessed and weighted. NLRB v. United Ins. Co., supra at 258; Simpson v. Commissioner, supra at 985. The factors should not be weighted equally but should be weighted according to their significance in the particular case. Aymes v. Bonelli, 980 F.2d 857, 861 (2d Cir. 1992); Matt v. Commissioner, T.C. Memo. 1990-209.

The control factor is the "crucial test" to determine the nature of a working relationship. Weber v. Commissioner, 103 T.C. 378, 387 (1994), affd. per curiam 60 F.3d 1104 (4th Cir. 1995). Both the control exercised by the alleged employer and the degree to which the alleged employer may intervene to impose control must be examined. Id. at 387-388. To retain the requisite control over the details of an individual's work, the employer need not stand over the individual and direct every move; it is sufficient that the employer has the right to do so. Id. at 388; Thomas Kiddie, M.D., Inc. v. Commissioner, 69 T.C. 1055, 1058 (1978).

Although petitioner is solely responsible for soliciting clients and collecting commissions, Clear Channel establishes her duties, sets performance goals, and provides sales training consistent with Clear Channel procedures. Petitioner also has a manager who oversees and supervises her performance. If her

performance is unsatisfactory, Clear Channel may terminate her employment.  Petitioner is also required to submit reports of her client accounts for evaluation, submit a weekly timecard reflecting hours worked, and request permission for time off.

The foregoing facts indicate that petitioner works under the direction and control of Clear Channel.

Additionally, although petitioner is compensated solely on commission, she does not purchase or own the air time she sells, making her risk of loss negligible at best.

It is apparent that Clear Channel considers petitioner a common law employee.  Clear Channel withholds Federal income taxes, FICA taxes, and Medicare taxes and does not issue petitioner a Form 1099.[8]  The withholding of taxes is consistent with a finding that petitioner is a common law employee.  See Packard v. Commissioner, 63 T.C. 621, 632 (1975).

Petitioner also receives health and dental insurance, participates in a section 401(k) retirement plan, and accrues sick leave and vacation time.

Lastly, the record reflects that petitioner has little or no investment in facilities or equipment beyond the use of her personal computer, cell phone, and vehicle.  Clear Channel

---

[8]Petitioner's Form W-2, Wage and Tax Statement, for 2004 was not attached to her 2004 Federal income tax return.

provides a work space, furnished with a desk, a computer, and a phone and hires personnel to assist petitioner.

None of the relevant factors discussed above support petitioner's position. Considering the record and all the facts and circumstances, the Court concludes that petitioner is a common law employee under section 3121(d)(2) and is not a statutory employee under section 3121(d)(3).

Other arguments made by the parties and not discussed herein were considered and rejected as irrelevant, without merit, or moot.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.