**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ella Joan WILLIAMS, Defendant-Appellant.**

**No. 83–1030X.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 8, 1983.

Decided Sept. 29, 1983.

Edward R. Kane, Asst. U.S. Atty., Las Vegas, Nev., for plaintiff-appellee.

Richard A. Wright, Las Vegas, Nev., for defendant-appellant.

Before WALLACE, SNEED and FARRIS, Circuit Judges.

SNEED, Circuit Judge:

Ella Joan Williams appeals from a district court order which denied her motion to dismiss the indictment. Appellant's first trial ended in a mistrial. She argues that the double jeopardy clause bars retrial. We affirm.

## I.

### FACTS

Appellant and several codefendants were indicted on August 26, 1980 for Hobbs Act violations and other counts resulting from an attempt to extort the sum of $3,000,-000.00 from Harvey's Resort Hotel and Casino in Stateline, Nevada.

On December 6, 1982, the jury trial of appellant and a codefendant, Willis Brown, was commenced in the United States District Court for the District of Nevada. After the jury had been sworn, the trial recessed pending further plea negotiations. The government had initially offered plea bargains that were conditioned on both defendants accepting. Against the advice of counsel, appellant refused to plead guilty and expressed a desire to go forward with the trial. Subsequently, defense counsel moved to withdraw from the case. On December 7, 1982, the trial court granted counsel's motion and declared a mistrial as to appellant. Codefendant Brown accepted the plea offer. Following this pretrial motion to dismiss, appellant thereafter was retried and convicted on three of the four counts in the indictment.

## II.

### DOUBLE JEOPARDY

An order denying a motion to bar retrial because of the Double Jeopardy

Clause is immediately appealable under 28 U.S.C. § 1291. *Abney v. United States,* 431 U.S. 651, 662, 97 S.Ct. 2034, 2041, 52 L.Ed.2d 651 (1977); *United States v. Ajimura,* 598 F.2d 510, 512 (9th Cir.1979).

 Jeopardy attaches when the jury is empaneled and sworn. *Crist v. Bretz,* 437 U.S. 28, 29, 98 S.Ct. 2156, 2157, 57 L.Ed.2d 24 (1978). However, reprosecution is not barred if there was "manifest necessity" to terminate the trial. *Arizona v. Washington,* 434 U.S. 497, 505, 98 S.Ct. 824, 830, 54 L.Ed.2d 717 (1978). The words " 'manifest necessity' . . . do not describe a standard that can be applied mechanically or without attention to the particular problem confronting the trial judge." *Id.* at 505–06, 98 S.Ct. at 830. The Court has recognized that there are "degrees of necessity," *id.* at 506, 98 S.Ct. at 830, and that the degree of deference to be given the trial judge's decision to declare a mistrial varies according to the circumstances of each case. *Id.* at 507–10, 98 S.Ct. at 831–32; *see United States v. Sanders,* 591 F.2d 1293, 1296 (9th Cir.1979).

Here, the requisite manifest necessity existed after the court allowed defense counsel to withdraw. New counsel needed a lengthy delay in order to prepare for this complex criminal case. A protracted continuance was impractical given the high probability that many of the jurors would be unavailable on the new trial date. Additionally, there existed a substantial risk of juror prejudice resulting from the extensive media coverage of this case.

 Appellant argues that there was no manifest necessity to declare a mistrial because there was no manifest necessity to grant counsel's motion to withdraw. We disagree. A trial court's decision to release counsel is an exercise of its discretion. *Glavin v. United States,* 396 F.2d 725, 726 (9th Cir.), *cert. denied,* 393 U.S. 926, 89 S.Ct. 258, 21 L.Ed.2d 262 (1968). The decision's effect on manifest necessity is one of the factors to be considered by the trial court. Here we cannot say that the district court abused its discretion. Therefore, termination of appellant's trial was a manifest necessity.

The district court properly denied Williams' motion to dismiss the indictment, and, accordingly, we affirm.

AFFIRMED.