92 F.3d 1193
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dennis MAXWELL, Plaintiff-Appellant,
v.
NORMAN JACOBSON REALTY RESOURCES, INC., Defendant-Appellee.
 No. 95-55927.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1996.*
Decided Aug. 5, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dennis Maxwell appeals pro se the district court's judgment in his action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-19 ("FLSA") and Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-68 ("RICO").[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 1. Denial of Default Judgment
 
 3
 Maxwell contends that the district court erred by denying his motion for entry of default judgment against all named defendants. This contention lacks merit.
 
 
 4
 Maxwell named Norman Jacobson Realty Resources, Inc. (NJRR), some individuals and two newspaper agencies as defendants. Although Maxwell attempted to serve his complaint and summons on all the defendants, the attempted service was ineffective. See Fed.R.Civ.P. 4; Mason v. Genisco Technology Corp., 960 F.2d 849, 852-53 (9th Cir.1992). Only the service upon NJRR, done by the United States Marshall, was completed. NJRR filed a motion to dismiss within the time period permitted by the district court. Therefore, the district court did not abuse its discretion by declining to enter a default judgment in Maxwell's favor. See Pau v. Yosemite Park & Curry Co., 928 F.2d 880, 885 (9th Cir.1991) (standard of review); see also Fed.R.Civ.P. 55(b) (stating default judgment appropriate if party fails to plead or other defend); Direct Mail Specialists Inc. v. Eclat Computerized Tech., 840 F.2d 685, 688 (9th Cir.1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been properly served under Fed.R.Civ.P. 4.")
 
 
 5
 Additionally, Maxwell appears to argue that NJRR's answer violated Fed.R.Civ.P. 11. Maxwell did not move for sanction against NJRR under Rule 11, nor do we find such violation. See Fed.R.Civ.P. 11.
 
 2. Declaration of Mistrial
 
 6
 Maxwell contends that the district court erred by declaring a mistrial after the jury had returned a special verdict. The contention lacks merit.
 
 
 7
 After Maxwell had rested his case, the district court instructed the jury to answer a special question for the purpose of determining subject-matter jurisdiction. The jury reached a verdict in favor of Maxwell on this issue. However, due to a scheduling conflict, the district court had to continue the trial. Subsequently, the district court granted Maxwell's counsel's motion to withdraw, gave Maxwell a continuance to secure new counsel, and declared a mistrial. In light of the continuances which had already occurred and possible further delays, we cannot not say that the district court erred by declaring a mistrial. See Murray v. Laborers Union Local No. 324, 55 F.3d 1445, 1452 (9th Cir.1995) ("District court must have ample discretion to control their dockets."), cert. denied, 64 U.S.L.W. 3793 (1996) (No. 95-563); cf. United States v. Williams, 717 F.2d 473, 475 (9th Cir.1983) (holding declaration of mistrial proper in criminal trial where defense counsel was allowed to withdraw and protracted continuance was impractical).
 
 3. Summary Adjudication
 
 8
 Maxwell contends that the district court erred by limiting his FLSA claim to the two-year period immediately proceeding his complaint. This contention lacks merit because, aside from Maxwell's conclusory allegation, there was no evidence of NJRR's willful violation of FLSA. See 29 U.S.C. § 255(a); Service Employees Int'l Union v. County of San Diego, 60 F.3d 1346, 1355 (9th Cir.1994), cert. denied, 116 S.Ct. 774 (1996).
 
 4. Jury Verdict
 
 9
 Maxwell contends that the jury erred by finding that he had worked only forty hours per work as an on-site resident manager of a residential building and was not entitled to compensation for time he spent on-call. Maxwell cannot seek appellate review of the jury verdict on the basis of sufficiency of evidence because he failed to preserve his challenge by moving for a judgment as a matter of law during the trial. See United States v. 33.5 Acres of Land, 789 F.2d 1396, 1400 (9th Cir.1986); see also Fed.R.Civ.P. 50(a) (outlining standards for motion for a judgment as a matter of law); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987) (stating that pro se litigant is held to same procedural rules as counselled litigants).
 
 5. Computation of In-Kind Compensation
 
 10
 Maxwell contends that the district court erred by concluding that Maxwell was not entitled to any compensation because his in-kind compensation exceeded the mandatory minimum wages on a weekly basis. This contention lacks merit.
 
 
 11
 Maxwell received the apartment rent and utilities free as compensation for his service as a manager. Based upon parties' agreement of the cost of monthly utilities and the stipulation that the "reasonable cost" for NJRR to furnish the apartment was the rental value of the apartment, the district court determined that the in-kind compensation exceeded the sum of the minimum wages on a weekly basis.[2] We find no error in the determination. See 29 U.S.C. § 203(m) (stating that employer is entitled to credit for "reasonable cost" of furnishing board); 29 C.F.R. § 531.33 (setting forth measures to determine "reasonable cost").
 
 6. Alleged Misconduct by Counsel
 
 12
 Maxwell contends that his counsel misrepresented him during the limited period of time counsel was retained. This contention lacks merit.
 
 
 13
 Maxwell moved to sanction his own attorney, alleging that counsel conspired with the state courts and defense counsel to mislead the court and failed to present certain issues. The district court dismissed Maxwell's motion for sanction without prejudice, finding that counsel did not err by refusing to argue frivolous issues and that the allegation of counsel's misconduct was without factual support. We agree with the district court's dismissal. See Fed.R.Civ.P. 11(b) (requiring attorney or unrepresented party to conduct reasonable inquiry, to present non-frivolous claims and to have evidentiary support for allegations or contentions).
 
 7. Alleged District Court's Misconduct
 
 14
 Maxwell contends that the district court improperly suggested to NJRR's counsel that he file a motion for judgment as a matter of law at the close of Maxwell's case. Although the district court might have played an active role in the trial proceeding, the court's comments were for the efficient and productive use of the court time. The record discloses that the district judge conducted the proceedings fairly. See Kennedy v. Los Angeles Police Dep't, 901 F.2d 702, 709-10 (9th Cir.1989).
 
 8. Remaining Contentions
 
 15
 We find Maxwell's remaining contentions without merit.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Maxwell also alleged several state law claims, which were dismissed without prejudice by the district court. See Reynolds v. County of San Diego, 84 F.3d 1162, 1171 (9th Cir.1996)
 The district court also dismissed the RICO claim without prejudice. See United Energy Owners Comm., Inc. v. United States Energy Management Sys., Inc., 837 F.2d 356, 362-63 (9th Cir.1988).
 
 
 [2]
 The parties agreed that the monthly rental value of the apartment was $675.00 during the relevant period and the utilities were about $162.71 monthly. Maxwell also stipulated that the reasonable cost to furnish the apartment was the rental value of the apartment. The minimum wage, effective April 1, 1991, was $4.25 per hour, or $170.00 per week ($4.25 x 40 hours)
 In his reply brief, Maxwell challenges the validity of the stipulation, arguing that it was coerced by the district court. The challenge is untimely. See Thompson v. Commissioner, 631 F.3d 642, 649 (9th Cir.1980), cert. denied, 452 U.S. 961 (1981). Even were we to review this issue, we would find it to lack support by the record.