Andrew Juarez **CASTRO**, Petitioner—
Appellant,

v.

**George M. GALAZA, Warden,**
Respondent—Appellee.

No. 04–55444.

D.C. No. CV–02–01184–DSF.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 14, 2005.

Decided March 17, 2005.

James H. Locklin, FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Petitioner–Appellant.

Raquel M. Gonzalez, A. Natasha Cortina, AGCA–Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before KLEINFELD, WARDLAW, and BERZON, Circuit Judges.

MEMORANDUM*

The California Court of Appeal decision that there was manifest necessity to declare a mistrial was not contrary to, nor an unreasonable application of, "clearly established Federal law, as determined by the Supreme Court of the United States."[1] Castro's Fifth Amendment right to be free from being twice placed in jeopardy for the same offense was not violated. Although the jury had already been impaneled and the trial judge declared the mistrial over the defendant's objection, the mistrial was permissible because it was justified by "manifest necessity."[2] Manifest necessity is not a "standard that can be applied mechanically or without attention to the particular problem confronting the trial

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. 28 U.S.C. § 2254(d)(1).

2. *Oregon v. Kennedy,* 456 U.S. 667, 672, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982).

judge."[3] The trial judge must "exercise[ ] 'sound discretion' in declaring a mistrial."[4]

In Castro's case, the trial judge did exercise sound discretion in concluding that there was manifest necessity. Because Castro's first lawyer had a legitimate conflict of interest, the trial judge appointed replacement counsel. He then granted a 120–day continuance, based on extensive questioning regarding replacement counsel's ability to try the case, to ensure that Castro would receive effective representation. The trial judge then declared a mistrial, rather than keep the jury empaneled during the continuance. There is not a lack of manifest necessity, as Castro argues, because the trial judge did not search for another available attorney who could try the case with a week or two of preparation. Castro's argument makes the unreasonable assumption that a competent lawyer would say, sight unseen, that he could try a first degree murder trial with only a week to prepare. Castro has cited no Supreme Court case requiring the judge to question the jurors about the actual hardships they would endure as a result of the 120–day continuance. They had been assured that their service would be over much sooner, and Castro's argument requires the unreasonable assumption that the jurors could have predicted their availability four months into the future.

In *United States v. Williams*,[5] a direct appeal, we construed the double jeopardy clause in similar factual circumstances. We held that manifest necessity existed for a mistrial because new counsel needed a lengthy delay to prepare, and "[a] protracted continuance was impractical given the high probability that many of the jurors would be unavailable on the new trial date."[6] If on direct appeal, in similar factual circumstances, there was no double jeopardy because the district court's determination of manifest necessity was appropriate, then, *a fortiori*, we cannot accept Castro's argument that the California Court of Appeal's decision was contrary to, or an unreasonable application of, "clearly established Federal law, as determined by the Supreme Court of the United States."[7]

**AFFIRMED.**

**3.** *Arizona v. Washington*, 434 U.S. 497, 506, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978).

**4.** *Id.* at 514.

**5.** *United States v. Williams*, 717 F.2d 473 (9th Cir.1983).

