**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Vincente VELAZQUEZ, Defendant—**
**Appellant.**

**No. 03–50142.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 4, 2005.

Decided April 13, 2005.

---

Douglas A. Axel, Esq., USLA—Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Phillip A. Trevino, Esq., Law Offices of Phillip A. Trevino, Los Angeles, CA, for Defendant–Appellant.

Before: T.G. NELSON, W. FLETCHER, and BEA, Circuit Judges.

## MEMORANDUM *

Vincente Velazquez appeals his conviction for conspiracy to possess with intent to distribute methamphetamine. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm on all issues. Because the parties are familiar with the facts, we do not recount them here.

The district court acted well within its discretion when it granted counsels' motion to withdraw due to a conflict of interest.[1] The district court's inquiry was adequate to "provide[ ] a sufficient basis for reaching an informed decision" regarding the existence of a conflict arising from Velazquez's potential presentation of perjured testimony.[2] The district court did not abuse its discretion by hearing communications that the attorney-client privilege may have protected because the court needed to hear them in order to resolve the motion to withdraw.[3] Moreover, the district court insured that the judge presiding over Velazquez's criminal case did not hear any privileged communications.

Any error the district court committed by excluding Velazquez and one of his attorneys from the *in camera* hearing did not "seriously affect[ ] the fairness, integrity or public reputation" of the trial as a whole.[4] Velazquez proceeded to trial with the assistance of appointed counsel who did not have a conflict of interest and who

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

1. *See LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir.1998) (stating that we review a district court's decision regarding counsel's motion to withdraw for an abuse of discretion); *United States v. Williams*, 717 F.2d 473, 475 (9th Cir.1983) (stating that "[a] trial court's decision to release counsel is an exercise of its discretion").

2. *United States v. McClendon*, 782 F.2d 785, 789 (9th Cir.1986); *see United States v. Moore*, 159 F.3d 1154, 1158–59 (9th Cir.1998).

3. It is not clear that the communications here were privileged. *See Nix v. Whiteside*, 475 U.S. 157, 174, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986) ("The crime of perjury in this setting is indistinguishable in substance from the crime of threatening or tampering with a witness or a juror.... An attorney's duty of confiden-

tiality ... does not extend to a client's announced plans to engage in future criminal conduct."); *Murdoch v. Castro*, 365 F.3d 699, 703 n. 2 (9th Cir.2004) ("[A]ttorney-client privilege does not extend to perpetrating a fraud against the court.").

4. *United States v. Olano*, 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *see United States v. Combs*, 379 F.3d 564, 576 (9th Cir.2004) (examining the trial in its entirety in analyzing the serious-effect element of the plain-error analysis). We review Velazquez's claim that the district court improperly excluded him and one of his attorneys from the *in camera* proceeding for plain error because neither Velazquez nor his excluded counsel challenged the exclusion below. *United States v. Romero*, 282 F.3d 683, 689 (9th Cir.2002) (reviewing a challenge to a defendant's absence from an in-chambers conference for plain error because it was raised for the first time on appeal); Fed. R.Crim. P. 52(b).

had adequate time to prepare.[5] Accordingly, we affirm.

AFFIRMED.

---

**5.** *See Wheat v. United States,* 486 U.S. 153, 159, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988) ("[T]he essential aim of the [Sixth] Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers.").