**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Vincente VELAZQUEZ, Defendant–
Appellant.**

No. 03–50142.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 4, 2005.

Decided July 11, 2005.

Douglas A. Axel, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff—Appellee.

Phillip A. Trevino, Esq., Law Offices of Phillip A. Trevino, Los Angeles, CA, for Defendant—Appellant.

Before: T.G. NELSON, W. FLETCHER, and BEA, Circuit Judges.

## ORDER

In light of the Supreme Court's decision in *United States v. Booker*[1] and our subsequent decision in *United States v. Ameline*,[2] the memorandum disposition filed on April 13, 2005 is withdrawn and replaced by the attached memorandum disposition.

## MEMORANDUM *

Vincente Velazquez appeals his conviction for conspiracy to possess with intent to distribute methamphetamine. He also raises sentencing issues.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm his conviction. In light of the Supreme Court's decision in *United States v. Booker*[2] and our subsequent decision in *United States v. Ameline*,[3] we remand for a determination of whether the district court would have imposed a materially different sentence if it had known that the United States Sentencing Guidelines were

advisory rather than mandatory. Because the parties are familiar with the facts, we do not recount them here.

■ The district court acted well within its discretion when it granted counsels' motion to withdraw due to a conflict of interest.[4] The district court's inquiry was adequate to "provide[ ] a sufficient basis for reaching an informed decision" regarding the existence of a conflict arising from Velazquez's potential presentation of perjured testimony.[5] The district court did not abuse its discretion by hearing communications that the attorney-client privilege may have protected because the court needed to hear them in order to resolve the motion to withdraw.[6] Moreover, the district court insured that the judge presiding over Velazquez's criminal case did not hear any privileged communications.

■ Any error the district court committed by excluding Velazquez and one of his attorneys from the *in camera* hearing did not "seriously affect[ ] the fairness, integrity or public reputation" of the trial

---

1.  —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

2.  409 F.3d 1073 (9th Cir.2005) (en banc).

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1.  Although Velazquez did not challenge the constitutionality of the United States Sentencing Guidelines before the district court or raise sentencing issues in his opening brief on appeal, we allow him subsequently to raise such issues, and he has done so by letter. *See United States v. Ameline*, 409 F.3d 1073 at 1085 (9th Cir.2005).

2.  —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

3.  409 F.3d 1073, 2005 WL 1291977.

4.  *See LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir.1998) (stating that we review a

district court's decision regarding counsel's motion to withdraw for an abuse of discretion); *United States v. Williams*, 717 F.2d 473, 475 (9th Cir.1983) (stating that "[a] trial court's decision to release counsel is an exercise of its discretion").

5.  *United States v. McClendon*, 782 F.2d 785, 789 (9th Cir.1986); *see United States v. Moore*, 159 F.3d 1154, 1158–59 (9th Cir.1998).

6.  It is not clear that the communications here were privileged. *See Nix v. Whiteside*, 475 U.S. 157, 174, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986) ("The crime of perjury in this setting is indistinguishable in substance from the crime of threatening or tampering with a witness or a juror.... An attorney's duty of confidentiality ... does not extend to a client's announced plans to engage in future criminal conduct."); *Murdoch v. Castro*, 365 F.3d 699, 703 n. 2 (9th Cir.2004) ("[A]ttorney-client privilege does not extend to perpetrating a fraud against the court.").

as a whole.[7] Velazquez proceeded to trial with the assistance of appointed counsel who did not have a conflict of interest and who had adequate time to prepare.[8] Accordingly, we affirm Velazquez's conviction.

■ We review the sentencing issues Velazquez raises on appeal for plain error.[9] We cannot determine from the record whether the district court would have imposed a materially different sentence if it had known that the Guidelines were advisory rather than mandatory, as the Supreme Court held in *Booker*.[10] Therefore, under *Ameline*, we remand for the limited purpose of making that determination.[11] In fulfilling this mandate, the district court may hold such hearings and enter such orders as it determines to be necessary, including, without limitation, modifying or vacating its previous sentence.

Conviction AFFIRMED; Sentence REMANDED.

---

7. *United States v. Olano*, 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (internal quotation marks and citation omitted); *see United States v. Combs*, 379 F.3d 564, 576 (9th Cir.2004) (examining the trial in its entirety in analyzing the serious-effect element of the plain-error analysis). We review Velazquez's claim that the district court improperly excluded him and one of his attorneys from the *in camera* proceeding for plain error because neither Velazquez nor his excluded counsel challenged the exclusion below. *United States v. Romero*, 282 F.3d 683, 689 (9th Cir.2002) (reviewing a challenge to a defendant's absence from an in-chambers conference for plain error because it was raised for the first time on appeal); Fed. R.Crim. P. 52(b).

8. *See Wheat v. United States*, 486 U.S. 153, 159, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988) ("[T]he essential aim of the [Sixth] Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers.").

9. *Ameline*, 409 F.3d at 1078.

10. 125 S.Ct. at 764–65.

11. *See Ameline*, 409 F.3d at 1085.

